BOARDMAN, Judge.
Appellant was charged in a four-count information with .the offenses of robbery (Count One and Count Three), grand larceny (Count Two) and use of a firearm in the commission of a felony (Count Four). He pled not guilty, was tried by jury, and was convicted of aggravated battery, a lesser included offense of the crime of robbery charged in Count One and Count Three; grand larceny as charged in Count Two and using a firearm in the commission of a felony as charged in Count Four. He was sentenced to concurrent five-year sentences for each of the convictions of aggravated battery, grand larceny and, also, given a fifteen-year concurrent sentence for the conviction of using a firearm. Appellant filed this timely appeal.
On careful review of the record and briefs, oral argument having been waived, we find that the grounds relied upon by appellant for reversal of the judgments of conviction are without substantial merit appellant having failed to demonstrate reversible error.
*573 However, appellant’s Point III, wherein he urges that the sentences imposed are erroneous, does have merit and we, therefore, discuss it. We begin by finding that it is abundantly clear that there was substantial competent evidence adduced at the trial that appellant did use the firearm alleged in Count Four in the commission of the above-mentioned felonies. We affirm.
The judgment and sentence rendered in Count Two, charging grand larceny upon Barbara Harnesk, is also affirmed. The essential elements necessary to prove the crime of larceny do not include the use of a firearm in the commission of that offense or by force and violence putting the victim in fear.
Likewise, we find from the record that the firearm was the ■ instrumentality that was used by appellant to inflict great bodily harm upon the victims, Robert Har-nesk and Jon Gay, named in Count One and Count Three respectively. For this reason, and in an abundance of caution, the sentences rendered against appellant on Count One (the aggravated battery upon Robert Harnesk) and Count Three (the aggravated battery upon Jon Gay) are vacated and set aside under the rationale and authority of Cone v. State, Fla.1973, 285 So.2d 12, opinion filed March 7, 1973, reh. den. without opinion. See Hernandez v. State, Fla.App.2nd, 1973, 278 So.2d 307; Davis v. State, Fla.App.2nd, 1973, 277 So. 2d 300, and Easton v. State, Fla.App.2nd, 1971, 250 So.2d 294.
That is to say, the use of the firearm was but a facet of each of the offenses of aggravated battery and under these circumstances a sentence may be imposed only on the higher offense within the configuration. Here such higher offense is the felonious use of the firearm.[1] Accordingly, the judgments and sentences entered herein on the charges of using a firearm in the commission of a felony and grand larceny should be and they are affirmed.
The sentences on the charges of aggravated battery are vacated and the cause remanded with directions that they be vacated and set aside.
Affirmed in part and reversed in part.
HOBSON, Acting C. J., and Mc-NULTY, J., concur.

. The maximum sentence for use of the firearm is 15 years. See Section 775.082 (4)(b), Florida Statutes, F.S.A. The maximum sentence for aggravated battery is 5 years. See Section 775.082(4) (c), Florida Statutes, F.S.A.