GRIMES, Judge.
Joseph Golphin was charged with the crimes of robbery and using a firearm in the commission of a felony in three separate cases. He was convicted of robbery in each instance and received three concurrent life sentences. He was also found guilty on each of the charges of using a firearm in the commission of a felony. For two of these crimes he was sentenced to concurrent terms of 15 years but no sentence was entered on the third conviction.
A recitation of the facts surrounding Golphin’s arrest is pertinent to the determination of one or more of these cases. On November 30, 1972, at about 11:00 P. M., the Blinker Bar was robbed. One of the investigating officers was John Dell who was also the husband of an employee of the bar. In the course of his investigation, six eyewitnesses testified that five black men had participated in the robbery. Another eyewitness said that six men had been involved. General descriptions of height and weight were obtained. One of these men was described as wearing an unusual type of white shirt with sequins on it. Another was said to have plaited hair.
About three hours after the crime had been committed, Officer Dell saw five persons at a drive-in restaurant who appeared to meet the descriptions given him by the eyewitnesses. When they left in a car, the officer followed them and caused them to stop. He asked the driver who was wearing the sequin shirt (Golphin) for his driver’s license. The driver failed to produce a driver’s license but gave Dell three different identifications. At this point, the officer saw in the back seat a radio he recognized as being the property of the Blinker Bar. The five occupants of the vehicle were placed under arrest. Golphin was subsequently identified in a line-up and charged not only with the crimes relating to the Blinker Bar but also with respect to other robberies having previously occurred at the Pizza Plut and the Royal Castle Restaurant.
Golphin was first tried by a jury in the case involving the Pizza Hut and was found guilty. The same result obtained in the next case involving the Royal Castle which was tried before the court. Golphin then entered pleas of nolo contendere on the charges relating to the Blinker Bar, it being stipulated for purposes of appeal that the State could prove a prima facie case based on the evidence as adduced in the other two trials and that the court could take into consideration the evidence submitted in both trials. Thereupon, the judge found Golphin to be guilty on both charges.
*757 Golphin first argues that the court erred in denying his motion to suppress the evidence seized after his vehicle was stopped and in denying his motion to suppress the subsequent line-up identification as being the fruit of an unlawful arrest. Golphin relies on those cases which hold that a vehicle cannot be stopped on a “pretext” arrest for the purpose of conducting a search and seizure. E. g., Byrd v. State, Fla. 1955, 80 So.2d 694. However, the State does not contend that Officer Dell stopped the car for a traffic violation. The appropriate issue is whether he had sufficient justification to stop the car in the absence of a traffic violation.
Officer Dell knew that a felony had been committed. There was a substantial similarity in the appearance of the occupants of the car and the description given him of the robbers by the eyewitnesses. This constituted sufficient basis for a reasonable belief that the occupants of the car committed the Blinker Bar robbery such as to permit the stopping of the car to make an arrest without a warrant under F.S. 901.15, F.S.A. Kaymore v. State, Fla.App.1st, 1972, 260 So.2d 851; Lowe v. State, Fla.App.3rd, 1966, 191 So.2d 303. Golphin cannot complain that the officer did not actually place him under arrest until after the stolen radio was observed. Once the car had been legally stopped, there could be no question of the propriety of seizing the radio which was in plain view.
Golphin also asserts that he was improperly prejudiced by the introduction of evidence in violation of the so-called “Williams Rule.” Williams v. State, Fla.1959, 110 So.2d 654. In the jury trial involving the Pizza Hut robbery, the State introduced evidence of Golphin’s participation in the robberies of the Blinker Bar and the Royal Castle. The avowed purpose of this evidence was to show the identity of Golphin through proof of his participation in other robberies involving similar modus operandi. The Williams Rule testimony in that case should not have been admitted because there was not enough similarity in the incidents. See Franklin v. State, Fla.App.3rd, 1969, 229 So.2d 892. The most that could be said is that all three involved robberies of retail establishments by a varying number of black persons. Consequently, the convictions arising out of the incident at the Pizza Hut must be reversed.
However, the other two cases are not tainted by that error. In the non-jury trial for the robbery of the Royal Castle, the State introduced no Williams Rule evidence. Insofar as the convictions relating to the Blinker Bar are concerned, there was adequate evidence in the record of the Pizza Hut trial to convict him of these offenses. There is no reason to assume that the State would have attempted to introduce Williams Rule testimony, particularly in view of the fact that in this case the State was in a position to introduce into evidence the radio stolen from the Blinker Bar.
The judgments of conviction of robbery and using a firearm in the commission of a felony relating to the Royal Castle (Case No. 73-197) and relating to the Blinker Bar (Case No. 73-196) are affirmed. The sentences with respect to both of the convictions for use of a firearm in the commission of a felony in those cases are vacated because both crimes arose out of the same transaction. Coates v. State, Fla.App.2nd, 1974, 288 So.2d 572. The judgments of conviction entered in the case involving the Pizza Hut (Case No. 73-376) are reversed. Thus, Golphin remains the recipient of two concurrent life sentences. The State has the opportunity to determine whether it wishes to retry the charges arising out of the robbery of the Pizza Hut.
MANN, C. J., and McNULTY, J., concur.