305 So.2d 292 (1974)
STATE of Florida, Appellant,
v.
John C. FLORES, Appellee.
Nos. 74-688, 74-689.
District Court of Appeal of Florida, Second District.
December 31, 1974.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
Philip J. Padovano of Ruiz & Padovano, St. Petersburg, for appellee.
*293 GRIMES, Judge.
The State appeals two orders granting motions to suppress and further dismissing the informations inasmuch as the State could not proceed to trial without the evidence which was the subject of the motions.
The uncontradicted evidence reflects that the Chief Investigator of the Pinellas County School Security Drug Enforcement Section was at Clearwater High School investigating the illegal use of drugs on the school campus. The officer had under surveillance a school parking lot in which the use of drugs had occurred in the past. At about 9:25 A.M. he walked through the lot looking into the windows of a number of automobiles. He saw through the window of one of these automobiles a marijuana roach in an open ashtray on the dashboard, and on closer observation could see particles and seeds of marijuana on the seat. He waited nearby until the first session of school was dismissed at 12:30 P.M., at which time appellee approached the vehicle, inserted the key in the door and sat behind the wheel. The officer then placed appellee under arrest and advised him of his "Miranda" rights. Thereafter, appellee told the officer that he had driven the car to school by himself and that he had locked the vehicle before he went into the school. When asked if he had anything in the automobile, he responded that there was a bag of marijuana under the front seat. The marijuana was then seized by the officer.
While there were several other cars in the lot of which the officer was suspicious, it is clear that prior to the time he peered into the appellee's window, he had no reason to suspect that there might be drugs in the car. The trial judge was of the opinion that the blanket searching of motor vehicles parked on the parking lot constituted an unreasonable search and that the seizure of the bag of marijuana under the seat of the car was tainted by the original illegality of the search.
In this appeal, appellee relies largely upon certain comments of Justice Stewart[1] in Coolidge v. New Hampshire, 1971, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, to the effect that a plain view seizure must be inadvertent and made under exigent circumstances. We believe that Coolidge is totally inapplicable, because in the instant case there was no search whatsoever. The comments expressed in Coolidge presuppose that the plain view seizure was made at a time when the officer "had a prior justification for intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused." The point is that when the officer viewed the marijuana in appellee's car, there had been no intrusion of any kind.[2] Without an intrusion, there can be no search. State v. Ashby, Fla. 1971, 245 So.2d 225.
We know of no rule which precludes the introduction into evidence of objects seen through the window of an automobile by a law officer who in the performance of his duties is making a blanket surveillance of automobiles in a public parking lot by looking through the windows. As the U.S. Supreme Court said in Harris v. United States, 1968, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067:
"... It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence... ."
It is not necessary for us to pass upon whether the officer could have seized the marijuana when he first saw it because he *294 did not do so. He waited until he had probable cause to arrest the appellee, at which time he made the seizure incident to a valid arrest. Under these circumstances, there was no necessity to obtain a search warrant for this purpose even though he might have had time to do so.
The orders are reversed, and the cases are remanded for further proceedings consistent herewith.
McNULTY, C.J., and HOBSON, J., concur.
NOTES
[1] It is doubtful that these portions of the opinion of Justice Stewart represent the view of the majority of the court because only three other justices concurred therein.
[2] Our sister court in State v. Clarke, Fla. App.4th, 1971, 242 So.2d 791, held that looking into the window of an apartment from a fire escape did not constitute a search.