319 So.2d 582 (1975)
STATE of Florida, Appellant,
v.
Julie DANIEL, Appellee.
No. 75-784.
District Court of Appeal of Florida, Fourth District.
October 3, 1975.
Philip S. Shailer, State's Atty., and Jon H. Gutmacher, Asst. State's Atty., Fort Lauderdale, for appellant.
Warner S. Olds, Public Defender, and William W. Herring, Asst. Public Defender, Fort Lauderdale, for appellee.
PER CURIAM.
Appellant, State of Florida, takes this interlocutory appeal from an order entered by the trial court granting a motion to suppress evidence filed by appellee, Julie Daniel. We reverse.
On Februrary 6, 1975, Deputy Jorge Fonte of the Broward County Sheriff's Office entered the Triangle Bar in Fort Lauderdale, Florida. The Triangle Bar was well known to law enforcement authorities in the Broward County area as a "shooting gallery"; a place where drug users inject illicit drugs into the bodies. Deputy Fonte's purpose in the bar that evening was to investigate whether any illegal drug activities were taking place on the premises. While conducting his investigation, Deputy Fonte checked the men's restroom. Nothing of an illegal nature was found therein. Deputy Fonte then proceeded to the women's restroom. When a knock on the women's restroom door produced no response, Deputy Fonte pushed open the door, entered the restroom, and observed appellee, Julie Daniel, in possession of narcotic paraphernalia. The appellee was arrested and the paraphernalia was seized.
Thereafter, appellee was charged by information with possession of narcotic paraphernalia. Prior to trial, appellee moved the trial court to suppress the narcotic paraphernalia seized as evidence by Deputy Fonte. After hearing argument on the motion, the court entered an order granting appellee's motion to suppress. It is from said order that the state files this interlocutory appeal.
The question presented for our determination on this appeal is whether the narcotic *583 paraphernalia seized by Deputy Fonte from the appellee was secured by virtue of an unreasonable search and seizure.
Section 12 of the Declaration of Rights of the 1968 Florida Constitution, F.S.A., preserves the right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures. A search is generally accepted to be an inspection or examination of places closed from public or general view, and requires some measure of force or intrusion. State v. Ashby, 245 So.2d 225 (Fla. 1971). However, observation by a police officer of an object in plain view when the officer has a legal right to be in the position to have that view is not a search and said object may be properly seized by the officer and introduced into evidence in a criminal proceeding. State v. Ashby, supra; State v. Parnell, 221 So.2d 129 (Fla. 1969); Sheff v. State, 301 So.2d 13 (Fla.App. 1974); Bailey v. State, 295 So.2d 133 (Fla.App. 1974); State v. Coyle, 181 So.2d 671 (Fla.App. 1966).
Turning to the instant case, the evidence is uncontroverted that the narcotic paraphernalia seized by Deputy Fonte from the appellee was not hidden but was in plain view of anyone using the women's restroom in the Triangle Bar at the time in question. The question remains whether Deputy Fonte had a legal right to be in said women's restroom to obtain the view of the narcotic paraphernalia. Public restrooms provided as a means for accommodation of the public for purposes intended are often selected by persons of depraved minds as favorable locales for perpetration of illegal acts. Without proper police vigilance criminals could turn more and more to such facilities as retreats for the commission of a crime. The restrooms in the Triangle Bar were open to the public. Deputy Fonte had reasonable grounds to believe that the restrooms were being used for illegal purposes. By using a public place for her illegal activities, the appellee risked observation. She surely had no right to demand that such observation be made not by a male police officer, as was Deputy Fonte, but only by a female. Under the facts and circumstances of the instant case we conclude that Deputy Fonte had the legal right to be within the women's restroom of the Triangle Bar. Therefore, the narcotic paraphernalia seized by Deputy Fonte from the appellee was not secured by reason of an unreasonable search and seizure and should not have been suppressed by the trial court.
Accordingly, the order of the trial court granting appellee's motion to suppress is reversed, and the cause is remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
CROSS, MAGER and DOWNEY, JJ., concur.