PER CURIAM.
This is an appeal from an adjudication of guilty of robbery.
Defendant contends the trial court erred in denying his motion to suppress his confession on the grounds that it was made while he was unlawfully under arrest. During the investigation of a robbery of a Zayre department store, the defendant’s name came up and two officers of the Dade County Public Safety Department went to the defendant’s home and advised him that although he did not have to comply, they requested him to accompany them to the police station to be photographed and fingerprinted for investigative purposes. The defendant voluntarily complied with the officers’ request. Upon arriving at the station, the defendant was read and read himself a pre-arrest form which he voluntarily signed waiving his right to refuse to be fingerprinted or photographed prior to arrest. The defendant was photographed and asked if he would submit to *637 questioning. The defendant indicated his willingness, signed a constitutional rights warning form and waived his rights. After being interrogated for approximately two hours, defendant was placed under arrest and made a transcribed confession which was received into evidence at trial over defendant’s objection.
Defendant basically argues that for all practical purposes at the time he arrived at the police station he was under arrest, which he maintains was illegal because the police officers misrepresented their purpose in persuading him to accompany them to the police station. We cannot agree.
The elements of an arrest are (1) a purpose or intention to effect an arrest under a real or pretended authority; (2) an actual or constructive seizure or detention of the person to be arrested by a person having present power to control the person arrested; (3) a communication by the arresting officer to the person whose arrest is sought of an intention or purpose then and there to effect an arrest; and (4) an understanding by the person whose arrest is sought that it is the intention of the arresting officer then and there to arrest and detain him (or her). Melton v. State, Fla. 1954, 75 So.2d 291.
We find that none of the above elements are present in the cause before us. First, when defendant was asked to accompany the officers to the police station, the defendant did so voluntarily in spite of the fact that he was informed that he did not have to go. Second, the officers testified at trial that they had no intention of placing the defendant under arrest when they went to his home. Third, upon arriving at the station, defendant read and signed a pre-arrest form which indicated that because he was not under arrest at that juncture he could refuse to be photographed or fingerprinted. Last, we note that defendant after being read his constitutional rights, voluntarily waived them and consented to the interrogation. In the alternative, defendant argues that if he was not lawfully under arrest at the time he made his written confession, there is nothing in the record to indicate that his oral statements during the interrogation were incriminating and, therefore, there was no probable cause to arrest him at the conclusion of the interrogation. We disagree, for the only reasonable conclusion which can be drawn from the defendant’s transcribed statement is that the same admissions were made orally to the officers during the course of the interrogation.
Affirmed.