MILLS, Judge.
By way of petition for writ of habeas corpus and as provided by Hollingshead v. Wainwright, 194 So.2d 577 (Fla.1967), the defendants are provided a full appellate review.
The defendants pled nolo contendere to five charges of possession of stolen property, reserving the right to appeal the denial of their motion to suppress evidence.
The issue before us is whether the trial court erred in the denial of the motion to suppress.
While on routine patrol, two Jefferson County deputies drove down a newly cut dirt road in a heavily wooded area. After driving a short distance, they entered a recently cleared area where they saw a number of partially disassembled late model cars with no evidence of license tags.
While walking about the clearing to check the cars for tags and serial numbers, they noticed large amounts of new and used atuomotive parts, tools, tires, torches, gauges, transmissions and other goods, scattered about the clearing and in the cars.
Although it was determined that the cars were not stolen, one of the deputies recalled that several of the items that he saw were similar to those recently reported to the sheriff as stolen. He called the sheriff who brought individuals to the scene who had reported similar items stolen. The individuals identified the goods as property stolen from them. Without a warrant, the sheriff arrested the defendants and seized the goods.
The defendants contend that although the goods were in an open filed, they were constitutionally protected, and that the search was made without probable cause and exigent circumstances.
Fourth Amendment protection to persons, houses, papers, and effects does not extend to an open field. Hester v. United States, 265 U.S, 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924); Phillips v. State, 177 So.2d 243 (Fla.App. 1st, 1965). The goods which were ultimately seized were in an open field or clearing exposed to and accessible to the public. Fourth Amendment protection was not afforded the defendants.
*87 When an officer, engaged in performing his duties, sees goods that he has probable cause to believe are stolen, he may seize the goods without a warrant and the goods are admissible in evidence. It is not a search to observe and to seize goods placed where they may be seen by an officer where he has a legal right to be. State v. Parnell, 221 So.2d 129 (Fla.1969). In the case before us, the deputies, while performing their duties, saw goods readily observable which they had probable cause to believe were stolen. Under the circumstances a warrant was unnecessary, and the evidence seized was admissible in evidence.
The trial court properly denied the defendants’ motion to suppress.
Affirmed.
BOYER, C. J., and McCORD, J., concur.