339 So.2d 242 (1976)
Arthur JESTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1718.
District Court of Appeal of Florida, Third District.
October 26, 1976.
Rehearing Denied November 29, 1976.
*243 Phillip A. Hubbart, Public Defender, Karen M. Gottlieb, Asst. Public Defender and James R. Wulchak, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., and Arthur Joel Berger, Asst. Atty. Gen., for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Arthur Jester, defendant in the trial court, pled nolo contendere to an affidavit of violation of probation, and to a charge of possession of narcotics implements, reserving the right to appeal the denial of a motion to suppress. He was sentenced to six months in the Dade County Stockade on the violation of probation, and placed on probation for two years for the crime of possession of narcotics implements. The sole issue presented on this appeal is whether the trial court erred in denying the motion to suppress.
Generally, a trial court's ruling on a motion to suppress comes to the appellate court with a presumption of correctness and, in testing the accuracy of the trial court's conclusions, the appellate court should interpret the evidence and all reasonable inferences and deductions capable of being drawn therefrom in a light most favorable to sustain the trial court's conclusion. Ponder v. State, 323 So.2d 296, 297 (Fla.3rd DCA 1975); Wigfall v. State, 323 So.2d 587 (Fla.3rd DCA 1975).
The record reflects that on the day in question, a City of Miami police officer encountered a lawfully parked automobile for the reason that it was a 1973 vehicle with a temporary license tag, and the police were "... having stolen cars with temporary tags... ." The officer asked the driver for identification, which was shown, and then asked the passenger, Arthur Jester, to produce his identification. When Jester failed to produce identification, the officer asked both men out of the car. As they were getting out, the officer walked around the car and noticed a balled up newspaper partially underneath Jester's *244 side of the car. Inspection revealed narcotics implements inside, and a red blood stain in the middle of the newspaper. The officer then placed Jester under arrest for possession of narcotics implements and asked him to roll up his sleeve, whereupon, the officer observed a "fresh track mark" on Jester's arm.
On appeal Jester contends that the initial encounter by the officer with the car was unreasonable and unconstitutional, since the officer was not acting on probable cause: there was no indication that a crime had been committed in the vicinity; there was no reasonable indication that either the driver or Jester had committed, was committing or was about to commit a crime; Jester was merely seated in a lawfully parked car; and the officer was merely acting on suspicion of the temporary tag. Since the initial encounter was unjustified and unconstitutional, he argues, the subsequent detention, questioning, search and seizure were also unjustified and unconstitutional. He argues further that even had the initial identification check of the driver been lawful, the subsequent demand for identification of Jester, a passenger in the vehicle, was totally unjustifiable since the officer testified that he was satisfied with the driver's identification. The ruling of the Florida Supreme Court in Bailey v. State, 319 So.2d 22, 26 (Fla. 1975), supports this contention.
Although Jester's position is a highly persuasive one, it is not determinative of this appeal, since the initial encounter in this case is not the test to use. The record reflects that the observation of the balled up newspaper while walking around the car gave the officer probable cause to detain Jester and inspect his arm, as he was lawfully in a position to see the newspaper. We therefore find merit in the State's contention that the balled up newspaper containing the blood stain and the narcotics implements was in plain view lying partially underneath the car.
It is not a search to observe, and to seize what is so placed where it may be seen by a police officer who is where he has a legal right to be. State v. Ashby, 245 So.2d 225, 227 (Fla. 1971); Atland v. State, 330 So.2d 85 (Fla. 1st DCA 1976). Observation by a police officer of an object in plain view when the officer has a legal right to be in the position to have that view is not a search and such object may be properly seized by the officer and introduced into evidence in a criminal proceeding. State v. Daniel, 319 So.2d 582, 583 (Fla.4th DCA 1975).
Having found ample evidence in the record to support the trial judge's denial of the motion to suppress, we affirm.
Affirmed.