SCHWARTZ, ALAN R., Associate Judge.
Distinguishing Brown v. State, 313 So.2d 52 (Fla. 4th DCA 1975) and Brown v. State, 330 So.2d 861 (Fla. 4th DCA 1976) on their facts, we hold that the totality of the circumstances presented to the arresting police officer, including the “spacy” condition of the defendant after he was stopped for a traffic violation, the odor of marijuana, and the apparent “roach” which was seen in plain view in his car, was such as to create probable cause to believe that the defendant had committed the offense of possession of cannabis. Clark v. State, 322 So.2d 635 (Fla. 3rd DCA 1975); State v. Daniel, 319 So.2d 582 (Fla. 4th DCA 1975); State v. Flores, 305 So.2d 292 (Fla. 2d DCA 1974); Lavazzoli v. State, 281 So.2d 519 (Fla. 3rd DCA 1973). Hence, both the defendant’s *639 arrest and the subsequent search of his vehicle were valid. The trial court therefore properly denied the motion to suppress the sawed-off shot gun which was secured as a result of that search.
We likewise find no merit in the contention that the appellant’s nolo plea was improperly accepted by the trial court. Stovall v. State, 252 So.2d 376 (Fla. 4th DCA 1971).
Affirmed.
DAUKSCH and LETTS, JJ., concur.