**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Daniel WADE, Defendant-Appellant.**

**No. 76–2125**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Dec. 9, 1977.

Eugene A. Deal, Atlanta, Ga., for appellant.

William L. Harper, U. S. Atty., Glenna L. Stone, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

Daniel Wade was convicted by a jury of violating the federal firearms law.[1] On appeal he contends that the evidence used against him was obtained in violation of the Fourth Amendment and that there was not sufficient evidence to support the conviction. We affirm.

In the early morning of March 20, 1975, a DeKalb County, Georgia, police officer observed an automobile weaving across a road from the shoulder to the center dividing line. Thinking the driver was intoxicated, the officer stopped the automobile, a 1969 Cadillac. The driver, Wade, got out, approached the police car, and talked with the officer who determined that Wade was not intoxicated. When asked to produce his driver's license, however, Wade could not find it in his pockets. The officer allowed

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

1. Wade had been convicted of a felony in 1968. He was charged with signing a form to purchase the pistol without indicating that prior conviction in violation of 18 U.S.C. § 922(a)(6). As a convicted felon, Wade was also charged with possession of two firearms in violation of 18 U.S.C. App. § 1202.

Wade to search the glove compartment of the Cadillac but Wade was still unable to find his license. While looking in the glove compartment, Wade was observed to place his right hand under the arm rest in the center of the front seat, whereupon the officer warned Wade not to withdraw anything unless it was his license. After a futile search by Wade, the officer placed him under arrest for driving without a license. The officer then searched Wade and placed him in the police car. Next, the officer searched Wade's automobile to make an inventory of the contents prior to its being towed to the police station.[2] During that search the officer found a fully loaded pistol under the front seat arm rest and a loaded semi-automatic rifle in the trunk. The two weapons formed the basis of the charges against Wade.[3]

Wade contends that the seizure of the weapons was the product of an unconstitutional search. As the Supreme Court held in *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), however, inventory searches that follow standard police procedure are reasonable. The police officer had a valid reason to stop Wade's car for the apparent traffic violation. Once the officer discovered that Wade had no license to operate his vehicle and determined to take him into custody and tow his car to the station house, he had a right to make an inventory of the automobile's contents. Discovery of the pistol during the search did not violate the Fourth Amendment. *See Opperman, supra.* This case is completely distinguishable on its facts from *United States v. Edwards*, 554 F.2d 1331 (5th Cir. 1977), *rehearing en banc granted* Aug. 24, 1977.

2. Prior to the jury trial the district judge conducted a hearing on Wade's motion to suppress the evidence discovered during the inventory search. At that hearing the arresting officer testified that the impoundment and the inventory search were in accord with police department policies.

3. The jury found Wade guilty of making a false statement in connection with the purchase of the pistol and of possessing the pistol. The

Wade also challenges the sufficiency of the evidence to prove that he made a false statement at the time of the purchase of the pistol and that he knowingly possessed the pistol. Those arguments are without merit.

AFFIRMED.

jury was unable to reach a verdict on the count involving possession of the rifle that was found in the trunk. The court declared a mistrial on that count. We do not consider the challenge to the search insofar as it extended to the trunk.