**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Jerry Dean PIATT, Defendant-Appellant.**

**No. 77–5574.**

United States Court of Appeals,
Fifth Circuit.

July 17, 1978.

Seferino C. Dominguez, Dallas, Tex., for defendant-appellant.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Judith A. Shepherd, Asst. U. S. Atty., Dallas, Tex., R. H. Wallace, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before GEWIN, GODBOLD and MORGAN, Circuit Judges.

GEWIN, Circuit Judge:

Jerry Dean Piatt was charged with the unlawful possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871. His motion to suppress the evidence was denied after a hearing. He was found guilty by a jury, convicted, and sentenced. On appeal he argues that the warrantless search of his vehicle was conducted without probable cause and was not an inventory search. We affirm the conviction.

Piatt was stopped by Officer Wright of the Grand Prairie, Texas, police department, at approximately 2:00 a. m. on September 13, 1976. He had spun his car out of the parking lot of a "strip" or series of bars and was driving recklessly, according to Wright. Piatt got out of his automobile and met Wright on the side of the road. He produced a driver's license that appeared to be expired, although a computer check later showed that it was valid. Wright observed that Piatt walked "lightly", had bloodshot eyes, and smelled of alcohol. Wright went over to Piatt's car, flashed his light on the inspection sticker, and noticed two prescription bottles on the console between the front bucket seats. Piatt acknowledged that the bottles belonged to him. He did not respond to Wright's request to inspect the bottles. Wright opened the door and reached into the car for the bottles.

As he reached across the driver's seat with his right hand, Wright noticed the butt of a pistol extruding from beneath the driver's seat. He withdrew the weapon, which was a loaded .38 calibre pistol, and arrested Piatt for carrying a weapon on or about his person, in violation of Tex.Penal Code Ann. tit. 10, § 46.02 (Vernon). Other officers arrived. A frisk of Piatt revealed a bag of marijuana. After Piatt was handcuffed, Wright reached into the car to open the passenger door for another officer and noticed another firearm in plain view on the floorboard behind the passenger seat. It was a 20⅝-inch long .9mm weapon, which was later determined not to be registered and which is the subject of the instant prosecution. The officers also found a clip containing thirteen rounds of .9mm ammunition near the place where the .38 calibre pistol had been found. Piatt was carried to the station house and charged with disorderly conduct with a motor vehicle, investigation for driving while intoxicated, investigation for unlawfully carrying a weapon, and investigation for possession of a controlled substance. The state charges were subsequently dropped.

We agree with the district court that two separate searches were conducted and that each search must have an independent justification. The first search occurred when Officer Wright reached into the car to examine the prescription bottles and noticed the .38 calibre pistol. Wright had observed Piatt drive recklessly from the parking lot of a series of bars. Wright testified that he had seen persons intoxicated on both alcohol and drugs and knew that a person in this condition presented a particular danger to highway safety. He further testified that he believed Piatt to be intoxicated. When Wright checked the automobile's inspection sticker, he saw the prescription bottles in plain view. It was reasonable for him to conclude, as he did, that Piatt might have consumed both alcohol and drugs and that the prescription bottles should be examined to determine what kind of drugs they contained. The minimal intrusion of reaching into the automobile for the bottles was not a violation of Piatt's rights. See United States v. Boyd, 530 F.2d 1269, 1270 (5th Cir. 1976), cert. denied 429 U.S. 1099, 97 S.Ct. 1121, 51 L.Ed.2d 548.

It follows that Officer Wright was where he had a right to be when, while reaching for the bottles, he saw the butt of a pistol in plain view lying on the floorboard, protruding from under the driver's seat. This discovery was inadvertent, and immediately appeared to be evidence of an

additional crime. Wright acted properly in seizing the pistol. *See United States v. Bolts,* 558 F.2d 316, 320 (5th Cir. 1977), *cert. denied sub nom., Hicks v. United States,* 434 U.S. 930, 98 S.Ct. 417, 54 L.Ed.2d 290 (1977); *United States v. Worthington,* 544 F.2d 1275, 1280 (5th Cir. 1977), *cert. denied,* 434 U.S. 817, 98 S.Ct. 55, 54 L.Ed.2d 72.

■ The frisk of Piatt after his arrest for unlawfully carrying a weapon was clearly a legitimate search incident to arrest. *See United States v. Robinson,* 414 U.S. 218, 235–36, 94 S.Ct. 467, 38 L.Ed.2d 427, 440–41 (1973). The marijuana discovered in the top pocket of Piatt's overalls was an additional element in the already volatile mixture of alcohol, drugs, gun, and automobile. As Judge Godbold has noted, such a combination poses "threats to highway safety and to the community at large that a peace officer neither could nor should ignore." *United States v. Boyd,* 530 F.2d 1269, 1270 (5th Cir. 1976), *cert. denied,* 429 U.S. 1099, 97 S.Ct. 1121, 51 L.Ed.2d 548.

■ The second entry into Piatt's automobile was occasioned by the need to inventory the car before towing it to the station. Officer Wright testified at the hearing on the motion to suppress that it is the established practice, in cases where alcohol is involved and the driver is intoxicated, to impound the vehicle. Before towing the complete vehicle is checked to make sure there is no valuable property inside it that might be lost or removed. This increasingly common police practice has been judicially sanctioned by the Supreme Court in *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). *See also United States v. Hall,* 565 F.2d 917 (5th Cir. 1978); *United States v. Wade,* 564 F.2d 676 (5th Cir. 1977).[1] Nothing in the record indicates to us that the inventory of Piatt's car was in any way pretextual or outside the limits established in *Opperman.* Rather, the .9mm weapon was discovered during a routine, reasonable police procedure which

was not dependent on the exploitation of any alleged illegality.

■ We note that, concerning the second entry into Piatt's automobile, even if the officers had intended to leave the car temporarily where it was stopped, a further search would have been reasonable. Contraband had been discovered on Piatt's person, a pistol had been found "about his person" beneath the front seat of the vehicle, and the police could reasonably believe that the automobile contained additional articles inimical to the public safety. In these circumstances a warrantless search of the vehicle after Piatt was taken into custody was permissible. *See Cady v. Dombrowski,* 413 U.S. 433, 447, 93 S.Ct. 2523, 2530, 37 L.Ed.2d 706, 718 (1974); *Chambers v. Maroney,* 399 U.S. 42, 51–52, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419, 428 (1970).

The conviction is AFFIRMED.

---

1. As noted in *Opperman,* the fact that an inventory search is conducted in accordance with standard police practice is "a factor tending to ensure that the intrusion would be limited in scope to the extent necessary to carry out the caretaking function." 428 U.S. at 375, 96 S.Ct. at 3100, 49 L.Ed.2d at 1008. Grand Prairie's use of a private towing company indicates greater necessity for an inventory, since the public authorities are not in control of the impounded vehicle at all times.