**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Luther Ray BRYANT,**
**Defendant-Appellant.**

**No. 78–5162**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 21, 1978.

David A. Fox, Gainesville, Ga. (Court-appointed), for defendant-appellant.

William L. Harper, U. S. Atty., Dorothy Y. Kirkley, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before MORGAN, CLARK and TJO-FLAT, Circuit Judges.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, 410–14.

TJOFLAT, Circuit Judge:

Luther Ray Bryant appeals from his conviction for possessing a sawed-off shotgun in violation of 26 U.S.C. § 5861(d) (1976).[1] The sole issue on appeal is whether the shotgun, which was taken from Bryant's vehicle by agents of the Bureau of Alcohol, Tobacco, and Firearms (ATF) immediately prior to his arrest, was seized in violation of the fourth amendment. We find that it was not and affirm.

On September 20, 1977, the ATF received an anonymous phone call indicating that a man named Luther Ray Bryant was concealing a sawed-off, double barrelled, chrome or nickel plated shotgun, of Steven's make, in a 1976 blue Ford Econoline van with a Georgia tag bearing the designation RF 5325 and indicating Herd County registration. Several alternative probable locations for the van were described. The caller said that Bryant had been in the state penitentiary several times. A physical description of Bryant was not given.

The next morning ATF agents began an investigation and soon found the van at one of the described locations, a residence in Hall county. The agents then placed the van under surveillance and followed it to a convenience store parking lot, the site of Bryant's eventual arrest. The driver entered the store, emerged, and walked back to the van, whereupon one of the agents inquired whether he was Luther Ray Bryant. At the same time, the agent noticed three juvenile males in the back of the van. As Bryant was producing his driver's license, the agent peered into the van through the left front door window and observed the butt handle of a gun between the two front seats. He perceived that "the butt handle was a lot bigger than any pistol grip [he] had seen," Record, vol. 2, at 8, and consequently believed that the weapon was indeed the shotgun the informant had described. The agent then seized the weapon, which, according to his testimony at the suppression hearing, he could tell from ob-

servation alone was of unlawful measurement. Measurement in the field confirmed the agent's judgment. Exact measurement at the ATF office determined that the gun had an overall length of 23⅞ inches and a barrel length of 18¼ inches.

At a pretrial suppression hearing, Bryant argued alternatively that the shotgun should be excluded because (1) its seizure was not incident to a lawful arrest; and (2) assuming the existence of probable cause to search the van, the absence of exigent circumstances required the agent to obtain a search warrant. We agree that the seizure cannot be upheld as a search incidental to a lawful arrest and thus proceed to Bryant's alternative contention, which we find to be without merit.

■ There was ample probable cause to justify the entry of the van. The tipster's information was completely corroborated by the agents' investigation; the only seemingly unanswered question was whether the shotgun was indeed "sawed-off" or illegal, as the tipster intimated, i. e., less than twenty-six inches in overall length or having a barrel less than sixteen inches long. We think that the agent, upon viewing the weapon between the front seats, was justified in concluding that the tip was accurate.

■ The likelihood of Bryant's imminent departure in the van clearly gave rise to exigent circumstances that justified the warrantless seizure. *Carroll v. United States,* 267 U.S. 132, 149, 45 S.Ct. 280, 283–84, 69 L.Ed. 543 (1925). Bryant admitted at the hearing, "I wasn't going to stop; I live over a hundred miles from [the site of the arrest]." Record, vol. 2, at 19. In addition, any one of his three passengers could have removed the van or the weapon. The conviction is

AFFIRMED.

---

1. 26 U.S.C. § 5845(a)(2) (1976) defines "firearm," as that term is used in this prosecution, to include "a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length."