376 So.2d 276 (1979)
The STATE of Florida, Appellant,
v.
Wayne Allen HALL, Appellee.
No. 78-407.
District Court of Appeal of Florida, Third District.
October 23, 1979.
Rehearing Denied November 26, 1979.
*277 Janet Reno, State's Atty., and Theda James, Asst. State's Atty., for appellant.
Angus M. Stephens, Jr., Leonard R. McMillen, Coral Gables, for appellee.
Before PEARSON, KEHOE and SCHWARTZ, JJ.
PEARSON, Judge.
This is an appeal by the State of an order suppressing evidence seized by a police officer from the defendant's automobile at the time of the defendant's arrest for a traffic violation. We reverse upon a holding that the "plain view" doctrine is applicable. See Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); State v. Ashby, 245 So.2d 225 (Fla. 1971); and Jester v. State, 339 So.2d 242 (Fla.3d DCA 1976).
The trial court, having taken testimony, made the following findings of fact:
"1. Defendant, Wayne Allen Hall, was operating a motor vehicle in Dade County, Florida, on or about 11:18 P.M. on September 20th, 1977, at which time Defendant was stopped for an alleged traffic infraction by a police officer employed by Dade County Department of Public Safety.
"2. The police officer did not know or had he ever met the Defendant and had no suspicion in any regard as to Defendant's activities, and his sole purpose in stopping Defendant was to give Defendant a traffic citation for failing to drive within a single lane.
"3. Defendant, upon stopping his motor vehicle, exited same, closed the door and was standing alongside the vehicle as the police officer approached.
"4. Police officer requested Defendant's Drivers License which was produced; Defendant was not placed under arrest and there was no `exigent' circumstances to indicate that the officer's well being and safety as well as the safety and well being of others might be in jeopardy.
"5. The police officer then proceeded to made a flashlight search by shining his flashlight into the interior of Defendant's motor vehicle and during this period of time, the officer observed on the driver's seat sitting upright what appeared to be a brown plastic pill container, cylindrical in shape with a white top, containing *278 what appeared to be a white powdery substance.
"6. The police officer inserted his hand into the motor vehicle and withdrew said container for a visual examination, at which time the officer became `suspicious' that cocaine was inside the pill container, at which time Defendant was placed under arrest for possession of cocaine."
We think that the findings made by the trial judge must be supplemented by the following uncontroverted facts which appear in the record. The officer testified at the hearing that he had observed the defendant twice drive over the dividing line dividing the lanes going in the same direction and observed the defendant twice drive over into the lane of oncoming traffic. This erratic driving pattern constituted a violation of the state statutes and the state's driving regulations. Further this pattern of erratic driving was a proper matter for the police officer's concern because it demonstrated to him that the defendant did not have his vehicle under control. The officer stated that his purpose in making the stop was to attempt to determine the reason for the defendant's inability to control his vehicle. Proceeding from this legitimate concern for the safety of both the public and the defendant, the officer properly stopped the defendant. Undoubtedly, one of his legitimate concerns may well have been that the defendant was under the influence of either alcohol or drugs. Having thus made a legitimate stop, the officer was in a place where he had a right to be. Therefore, the officer was certainly within his rights to use his flashlight to examine the area in plain view immediately around himself and around the defendant, not only for his own safety, but also pursuant to his right to observe that which was plainly visible. The fact that the officer used a flashlight is of no significance, as this court held in State v. Roker, 290 So.2d 525 (Fla.3d DCA 1974).
The trial court made his determination that the search was illegal, apparently[1] upon the following conclusions of law which he set out in the order granting the motion to suppress:
"8. The police officer at the time he made his flashlight search of the interior of Defendant's motor vehicle and reached inside and withdrew the brown cylindrical pill container for visual examination, was motivated by suspicion alone and which is insufficient to give the officer probable cause for a general search ..."
There is no contention on this appeal, nor would the record support such a holding, that the stop for the traffic violation was a pretext stop.
This court has recently approved and applied a set of tests advanced by the United States Court of Appeals for the Second Circuit[2] necessary to support a seizure of contraband in plain view. See State v. Hughes, 375 So.2d 615 (Fla.3d DCA 1979). The tests, as applied to the facts of the present case are:
(1) Was the officer lawfully where he had a right to be?
(2) Was the discovery inadvertent, i.e., not incident to a search?
(3) Was the incriminating nature of the contraband immediately apparent?
These tests for the application of the plain view doctrine are met in this case. The officer properly stopped the defendant because he was apparently having difficulty controlling his vehicle; therefore, he was lawfully beside that vehicle interviewing the defendant. As an incident to the stop of the defendant, the officer had a right to look inside the car. (Because the incident occurred at night, he had a right to use a flashlight.) And upon looking into the car, *279 the incriminating nature of the contraband became quickly apparent to him[3] because he immediately placed the defendant under arrest for the possession of cocaine. See the principle of law in United States v. Polk, 433 F.2d 644, 647 (5th Cir.1970).
The trial court erred in holding that the officer, having observed the defendant's erratic driving pattern and having observed the presence of suspected contraband in plain view, conducted a warrantless search when he seized the contraband in plain view.[4] Cf. the facts and law in Arizona v. Perez, 7 Ariz. App. 567, 442 P.2d 125 (1968). We, therefore, reverse the order on motion to suppress and remand the cause for further proceedings consistent with the views herein expressed.
Reversed and remanded.
KEHOE, Judge (dissenting).
I must respectfully dissent from the majority opinion. In my opinion, the record supports the findings and conclusions set forth in Paragraph 8 [set forth in the majority opinion] of the order granting the motion to suppress. As stated by the majority, one of the tests to be met in a "plain view" case is whether at the time the plain view observance occurred "[w]as the incriminating nature of the contraband immediately apparent?" As found by the trial court, at the time the officer reached into the vehicle and withdrew the container for inspection, the incriminating nature of the contraband was not immediately apparent. Accordingly, I would affirm.
NOTES
[1] At the conclusion of the hearing on the motion to suppress, the trial judge had stated:

"Essentially, I am finding that use of a flashlight in a night to scan the interior of an automobile of a person [who is] outside of that automobile and not under arrest does not fall within the plain view doctrine."
[2] United States v. Diaz, 577 F.2d 821, 823 (2d Cir.1978).
[3] Uncontroverted testimony of the officer evidenced his familiarity with, and recognition of, such narcotics as cocaine, this familiarity growing out of his police training and prior narcotics investigations.
[4] The appellee has relied heavily upon Brown v. State, 330 So.2d 861 (Fla. 4th DCA 1976). We do not find that opinion persuasive because in that case the court held that: "The `plain view' doctrine is not applicable because the only matter within the officer's view from outside the car were the seeds, and they were neither recognized as marijuana seeds by the officer nor were they ever seized as evidence."