392 So.2d 587 (1981)
STATE of Florida, Appellant,
v.
Ronald William MELENDEZ, Appellee.
No. 79-2181.
District Court of Appeal of Florida, Fourth District.
January 7, 1981.
*588 Jim Smith, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellee.
HURLEY, Judge.
The state appeals an order suppressing physical evidence and statements made by the defendant. We affirm in part and reverse in part.
The trial court entered a detailed order for which we express our gratitude. The relevant factual portion is set forth below.
The Defendant, on the 17th day of February, 1979, while driving a motor vehicle, hit a palm tree and subsequently hit a steel pole near a doctor's office on South Dixie Highway in Palm Beach County, Florida. The officer, Gary Leach, approached the vehicle in the early hours of the morning and determined that a white male was in the driver's seat and that this white male was later identified as the Defendant, RONALD MELENDEZ. This white male appeared to be injured and Officer Leach immediately notified the fire department medics who came to the scene and assisted him, removing the Defendant from the driver's seat and transported him to a local hospital. Subsequently, the officer, in further investigation of the traffic incident, stayed at the scene and looked inside the interior of the vehicle and saw various white pills in the front and back of the vehicle. In addition, he apparently saw what appeared to be, what he described to be, marijuana cigarettes on the floor of the front of the vehicle. The vehicle was secured and towed away by a local towing company and Officer Leach proceeded to the hospital to interview the Defendant. At the scene of the accident, upon the initial approach by Officer Leach, it became apparent to him that the Defendant was injured and in a very dazed condition. At the hospital the Defendant appeared to be in a more lucid condition but still dazed. The attending doctor who examined the Defendant for chest pains and other symptoms indicated that the Defendant was unable to sign a consent form required by Good Samaritan Hospital in West Palm Beach, Florida.
We would add only the uncontradicted testimony of Officer Leach that when he first observed Mr. Melendez, Leach was able to smell an alcoholic odor about the defendant's person. Based upon the foregoing, the trial court concluded that (1) the search of the vehicle was constitutionally impermissible and (2) the defendant lacked adequate capacity to knowingly and intelligently waive his Fifth Amendment rights. We respectfully disagree as to the former, but defer to the fact-finding authority of the trial court on the latter.
As with any Fourth Amendment case, the fundamental inquiry is whether the search or seizure was reasonable under all the circumstances. Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967). Therefore, we start by considering the officer's state of mind as he observed the two cigarettes in the vehicle. In State v. Profera, 239 So.2d 867 (Fla. 4th DCA 1970), we quoted from Jackson v. United States, 112 U.S.App.D.C. 260, 302 F.2d 194 (1962) and Davis v. United States, 133 U.S. App.D.C. 172, 409 F.2d 458 (1969), and enunciated basic principles which govern the concept of probable cause. We said:
"... [P]robable cause is not to be evaluated from a remote vantage point of a library, but rather from the viewpoint of *589 a prudent and cautious police officer on the scene at the time of arrest. The question to be answered is whether such an officer in the particular circumstances, conditioned by his observations and information, and guided by the whole of his police experience, reasonably could have believed that a crime had been committed by the person to be arrested."
* * * * * *
"The test of probable cause is not what reaction victims  or judges  might have but what the totality of the circumstances means to police officers. Conduct innocent in the eyes of the untrained may carry entirely different `messages' to the experienced or trained observer." (Emphasis supplied.)
We reaffirm these principles and apply them to the case at bar. In doing so and after considering Officer Leach's background, training and experience, we are compelled to conclude that he possessed probable cause to believe that the vehicle contained contraband. Adams v. State, 375 So.2d 638 (Fla. 1st DCA 1979) cert. denied, 385 So.2d 754 (Fla. 1980); Smith v. State, 363 So.2d 21 (Fla. 3d DCA 1978); State v. Flores, 305 So.2d 292 (Fla. 2d DCA 1974) cert. denied, 315 So.2d 189 (Fla. 1975). Thus, the question is whether Officer Leach was justified in entering the vehicle and seizing the two marijuana cigarettes plus the 53 white pills which were spread throughout the car. We answer in the affirmative.
Our response is predicated on two distinct principles which, due to the facts in the case, have joint application. The first is that a police officer may conduct a warrantless search of a vehicle if he has probable cause to believe that the vehicle contains contraband or evidence of a crime[1] and if the search is conducted under exigent circumstances.[2] The second principle supplants the exigent circumstances requirement of the first rule and holds that a police officer may seize an item in plain view without a warrant[3] when the officer observes the object from a lawful vantage point,[4] when the seized item is immediately recognizable as evidence or contraband,[5] and when the discovery is inadvertent.[6]
*590 Applying the first rule, it must be remembered that defendant's car had veered from the roadway, run over a palm tree and struck a steel pole in a private parking lot. A wrecker was en route. This fact alone constituted an exigent circumstance sufficient to justify a warrantless entry into the vehicle. More significant, however, is the fact that the contraband was in plain view. "It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067 (1968). Thus, Officer Leach was justified in immediately seizing the two marijuana cigarettes. Furthermore, because of the defendant's erratic driving and the resulting collision, the odor of alcohol which permeated his person, the presence of two marijuana cigarettes in the front portion of the vehicle and the fact that the vehicle was about to be removed from the scene, we hold that the officer was amply justified in seizing the 53 white pills which were spread throughout the automobile. State v. Howell, 384 So.2d 60 (Fla. 4th DCA 1980); State v. Hall, 376 So.2d 276 (Fla. 3d DCA 1979); State v. Ruiz, 360 So.2d 1320 (Fla. 2d DCA 1978); Tamburro v. State, 343 So.2d 638 (Fla. 4th DCA 1977). In this situation, it is immaterial that the defendant was not verbally placed under arrest prior to the seizure of the marijuana and pills.
On the second issue of whether the defendant lacked sufficient capacity to knowingly and intelligently waive his Fifth Amendment right to remain silent, we defer to the fact-finding authority of the trial court. It is not the function of an appellate court to substitute its judgment for that of the trial court by reevaluating the evidence presented below. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976). Consequently, we limit our inquiry to a determination of whether the trial court's factual finding is supported by competent evidence. In re Estate of Wilisch, 384 So.2d 223 (Fla. 3d DCA 1980). Applying this standard, we have no difficulty in affirming that portion of the court's order which suppressed defendant's in-hospital statements.
Accordingly, the order is affirmed in part and reversed in part and the cause is remanded for further proceedings consistent with this opinion.
DOWNEY, J., and SHARP, G. KENDALL, Associate Judge, concur.
NOTES
[1] See, e.g., United States v. Hawkins, 595 F.2d 751, 752 (D.C. Cir.1978) cert. denied, 441 U.S. 910, 99 S.Ct. 2005, 60 L.Ed.2d 380 (1979); United States v. Soto, 591 F.2d 1091, 1099 (5th Cir.) cert. denied, 442 U.S. 930, 99 S.Ct. 2862, 61 L.Ed.2d 298 (1979); United States v. Wright, 588 F.2d 189, 193 (5th Cir.1979).
[2] Admittedly, there is some question as to the continued viability of the exigent circumstances requirement as applied to vehicle searches. The Supreme Court in United States v. Chadwick, 433 U.S. 1, 12, 97 S.Ct. 2476, 2484, 53 L.Ed.2d 538 (1977) observed that:

Our treatment of automobiles has been based in part on their inherent mobility, which often makes obtaining a judicial warrant impracticable. Nevertheless, we have also sustained "warrantless searches of vehicles ... in cases in which the possibilities of the vehicle's being removed or evidence in it destroyed were remote, if not nonexistent." Cady v. Dombrowski, 413 U.S. 433, 441-442, 93 S.Ct. 2523, 2528, 37 L.Ed.2d 706 (1973); accord, South Dakota v. Opperman, supra, 428 U.S. at 367, 96 S.Ct. at 3095 [49 L.Ed.2d 1000]; see Texas v. White, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975); Chambers v. Maroney, supra [399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419]; Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967).
But see United States v. Orozco, 590 F.2d 789, 793 (9th Cir.), cert. denied, 442 U.S. 920, 99 S.Ct. 2845, 61 L.Ed.2d 288 (1979); United States v. Bryant, 580 F.2d 812, 813 (5th Cir.1978).
[3] Coolidge v. New Hampshire, 403 U.S. 443, 465, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. White, 312 So.2d 475 (Fla. 4th DCA 1975).
[4] State v. Ashby, 245 So.2d 225 (Fla. 1971); State v. Hughes, 375 So.2d 615 (Fla. 3rd DCA 1979); Jester v. State, 339 So.2d 242 (Fla. 3rd DCA 1976) cert. denied, 348 So.2d 948 (Fla. 1977); State v. Daniel, 319 So.2d 582 (Fla. 4th DCA 1975); Golphin v. State, 293 So.2d 755 (Fla. 2d DCA 1974).
[5] Evidence: State v. Belcher, 317 So.2d 842 (Fla. 2d DCA 1975); Castle v. State, 305 So.2d 794 (Fla. 4th DCA 1974) aff'd 330 So.2d 10 (Fla. 1976); Contraband: Smith v. State, 363 So.2d 21 (Fla. 3d DCA 1978); State v. Flores, 305 So.2d 292 (Fla. 2d DCA 1974) cert. denied, 315 So.2d 189 (Fla. 1975); State v. Roker, 290 So.2d 525 (Fla. 3rd DCA 1974).
[6] Coolidge v. New Hampshire, supra; State v. Hall, 376 So.2d 276 (Fla. 3rd DCA 1979) cert. denied, 386 So.2d 637 (Fla. 1980); also see, United States v. Schire, 586 F.2d 15, 17-18 (7th Cir.1978), United States v. Diaz, 577 F.2d 821, 823 (2d Cir.1978); United States v. Piatt, 576 F.2d 659, 660-61 (5th Cir.1978).