OTT, Acting Chief Judge.
We reverse appellant’s conviction and sentence and remand for a new trial. Appellant’s motion to suppress evidence and admissions with respect to the search and seizure of his travel bag and contraband contained therein should have been granted. The search and seizure of appellant’s travel bag cannot be justified under any of the exceptions to the warrant requirement. See Hornblower v. State, 351 So.2d 716 (Fla.1977). Specifically, the contested search and seizure cannot be justified as a search incident to lawful arrest because there was no showing that the bag was within the immediate control of appellant. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Further, there were no exigent circumstances that would have prevented the officers from sealing the room and obtaining a search *420 warrant. See Hornblower, 351 So.2d at 718.
Appellant’s remaining point on appeal is without merit. The trial court correctly denied appellant’s motion to suppress evidence found as a result of the initial search and seizure, which was clearly justified under the “plain view” doctrine. See State v. Hall, 376 So.2d 276, 278 (Fla. 3d DCA 1979).
Accordingly, appellant’s conviction and sentence are reversed and the cause is remanded to the trial court to conduct a new trial consistent with this opinion. ■
REVERSED and REMANDED.
SCHOONOVER and HALL, JJ., concur.