PER CURIAM.
Appellant challenges the order denying his motion to suppress cannibas found in his vehicle during a police investigatory stop. Stripped to its essence, he argues that the police officer’s testimony was not credible and thus did not justify the stop.
The officer testified that he smelled marijuana as he approached the vehicle; this constitutes probable cause to conduct a search. See State v. Betz, 815 So.2d 627, 633 (Fla.2002). That the officer faile'd to include this important detail in his police reports goes to the credibility of his testimony. However, we defer to the trial court’s findings of historical fact. See Curtis v. State, 748 So.2d 370, 371 (Fla. 4th DCA 2000). “It is not the function of an appellate court to substitute its judgment for that of the trial court by reevaluating the evidence presented below.” State v. Melendez, 392 So.2d 587, 590 (Fla. 4th DCA 1981).
Affirmed.
STONE, WARNER and STEVENSON, JJ., concur.