330 So.2d 861 (1976)
Edmund BROWN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 74-1560.
District Court of Appeal of Florida, Fourth District.
April 30, 1976.
Rehearing Denied May 19, 1976.
*862 Richard L. Jorandby, Public Defender, and Craig S. Barnard, Asst. Public Defender, West Palm Beach for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., and Harry M. Hipler, Legal Intern, West Palm Beach, for appellee.
PER CURIAM.
Appellant, stopped for speeding, was arrested for and charged with possession of marijuana after the traffic officer's search of the vehicle driven by appellant disclosed a marijuana cigarette under the front seat and some packages of marijuana tightly wrapped in a towel on the back seat. Appellant entered a plea of nolo contendere expressly reserving the right to appeal denial of his motion to suppress.
The arresting officer described appellant, who accompanied the officer to the latter's vehicle, as sober, neatly dressed, considerate, very cooperative, and completely coherent. Having issued the traffic citation, the officer returned to appellant's vehicle to check the inspection sticker. Shining his flashlight on the inspection sticker, he observed, on the dashboard of the car, what he suspected were cannabis seeds. The officer then detected an odor coming from appellant's person which the officer thought might be either the odor of burned or burning marijuana, or the odor of appellant's perfume or aftershave lotion. Concluding on these facts that he had probable cause to search the vehicle, the officer, nonetheless, asked appellant to give permission. Initially appellant declined to give consent, but after the officer indicated that he intended to search the vehicle anyway and persuaded appellant that permission would make appellant's record look better, appellant replied, "If you are going to do so anyway, go ahead." Appellant, not then under arrest, was not in nor near the vehicle immediately prior to or during the search. While we have not recited all of the facts, none have been omitted which would strengthen the State's case.
Probable cause cannot be based on mere suspicion, but must be based on facts known to exist. Kraemer v. State, 60 So.2d 615 (Fla. 1952); Bailey v. State, 295 So.2d 133 (4th DCA Fla. 1974), rev'd on other grounds, 319 So.2d 22 (Fla. 1975). Here, the police officer's observation of what he only suspected to be marijuana seeds, coupled with nothing more than a suspicion that the odor emanating from appellant was that of burned or burning marijuana, was insufficient to give the officer probable cause to believe that the vehicle otherwise contained contraband so as to justify a general search of the vehicle. The "plain view" doctrine is not applicable because the only matter within the officer's view from outside the car were the seeds, and they were neither recognized as marijuana seeds by the officer nor were they ever seized as evidence. The search cannot be upheld on the basis of appellant's consent as the facts outlined show at most submission to apparent authority, but do not show clearly and convincingly a waiver *863 of a constitutional right. See, Bailey v. State, 319 So.2d 22 (Fla. 1975); Talavera v. State, 186 So.2d 811 (2nd DCA Fla. 1966).
It was error to deny appellant's motion to suppress the tangible evidence seized as a result of the search of the vehicle. The judgment is reversed and the cause remanded with directions that appellant be permitted to withdraw his plea.
REVERSED and REMANDED.
WALDEN, C.J., and OWEN, J., concur.
CROSS, J., dissents.