376 So.2d 398 (1979)
Steven Alan BEHR, Appellant,
v.
STATE of Florida, Appellee.
No. MM-336.
District Court of Appeal of Florida, First District.
October 11, 1979.
Rehearing Denied November 16, 1979.
Manuel W. James, Key West, Clyde M. Taylor, Jr. of Dickinson, Levy & Taylor, Tallahassee, Ronald A. Dion of the Law Offices of Alvin Entin, Miami, for appellant.
Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Appellant Behr, charged by information with possession of more than 100 pounds of marijuana with intent to sell, was convicted of the lesser offense of possession of less than five grams of marijuana. Behr appeals both the denial of his motion to suppress marijuana seized at a warehouse and denial of his motion to suppress marijuana found during a search of his truck.
On April 19, 1978, FDCLE agents received information from Maryland authorities that two white Chevrolet cargo trucks bearing Virginia license plates and the name "Knight Furniture Company" on their cabs were traveling from Maryland to north Florida. The FDCLE was requested *399 to maintain surveillance of the trucks because they were believed to be involved in a large marijuana smuggling operation. The Florida authorities were advised that the trucks would secure large loads of marijuana while in Florida and would then transport them back to Maryland. A truck bearing the description furnished was seen in the Tallahassee area the following day at a Howard Johnson's motel. Later, on April 21, 1978, agent Fenwick was notified by another officer that another white truck, similar to the ones previously observed, was at the Holiday Inn parking lot in Tallahassee. That truck bore a Tennessee license plate, but had no lettering on the cab door. On April 25, one of the Knight Furniture trucks went to a farm house in Madison County, the same place where a person from Maryland, believed to be carrying $250,000, had visited four days before. After approximately 15 minutes, the truck left the farm and proceeded to a warehouse in Tallahassee. Then, after several hours inside, it left and was last seen headed north. The warehouse was then placed under surveillance. The following day another truck, displaying Tennessee license plates and driven by appellant Behr, went to the same warehouse, entered it, remained there approximately one hour, then proceeded east on an interstate highway where it was stopped. Observed on Behr's clothing by the stopping officers was that which appeared to be marijuana dust. Behr was arrested, and a search of the cargo area of the truck revealed marijuana residue between the floorboards. Shortly afterward, FDCLE agents conducted a warrantless search of the warehouse and seized a large quantity of marijuana. Since Behr was convicted only of the misdemeanor possession of marijuana, we express no view in this opinion as to the validity of the warehouse search, and we confine our decision only to the search of the truck.
Because Behr did not consent to the search, it can only be sustained if the officers had probable cause to believe the truck contained marijuana. We conclude they did. Behr's truck was seen entering the same warehouse where another truck, similar in appearance and believed to be transporting a large load of marijuana, was seen the previous day. The search must be considered within the context of all the circumstances known to the officers. Probable cause exists where
"the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed. Draper v. United States, 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327, 332 (1959).
The search of Behr's truck was the culmination of an extensive investigation. It followed a careful surveillance of both the warehouse, Behr's truck and two others similar in appearance. We conclude the search comported with Fourth Amendment requirements.
We reject also Behr's argument that the search of the truck, even if probable cause existed, was invalid because not conducted with a warrant. "One of the circumstances in which the Constitution does not require a search warrant is when the police stop an automobile on the street or highway because they have probable cause to believe it contains contraband ..." Arkansas v. Sanders, ___ U.S. ___, ___, 99 S.Ct. 2586, 2591, 61 L.Ed.2d 235, 242 (1979). The trial judge also did not err in denying Behr's motion for a judgment of acquittal. This conviction is
AFFIRMED.
ROBERT P. SMITH, Jr., Acting C.J., and BOOTH, J., concur.