492 So.2d 1163 (1986)
Richard Livingston WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. BF-92.
District Court of Appeal of Florida, First District.
July 18, 1986.
Rehearing Denied September 15, 1986.
Lacy Mahon, Jr., of Lacy Mahon, Jr. and Mark H. Mahon, P.A., Jacksonville, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
SHIVERS, Judge.
This is an appeal from the conviction and sentencing of appellant Richard Livingston White for two counts of vehicular homicide under Section 782.071, Florida Statutes (Supp. 1984). The issue on appeal is whether probable cause existed to admit the results of appellant's blood alcohol test into evidence. We reverse.
Appellant was the driver of a vehicle involved in a head-on collision killing two persons and injuring appellant. The accident occurred at approximately 2:00 a.m. Detective Lee of the Sheriff's Office arrived at the scene where he observed the two vehicles, 193 feet of skid marks crossing the center line and determined that the posted speed was 30 m.p.h. He was notified of the two deaths and of the hospitalization of the only survivor, White. At the hospital Detective Lee ordered a blood alcohol test on the semiconscious White which showed a blood alcohol level of 0.18 grams per 100 milliliters of blood.[1]
*1164 During White's trial, Detective Lee testified that he had no indication that White had had anything of an alcoholic nature, that he had not talked to anyone nor had he seen anything which led him to believe that there was alcohol involved, that he did not detect any odor of alcohol on White's breath nor observe White walk or talk. A treating paramedic testified that he detected an odor of alcohol on White at the accident site and when he asked White if he had been drinking White replied he had a couple of beers.
The state relied upon Section 316.1933(1), Florida Statutes (Supp. 1984) for authority to test defendant's blood. The statute provides that if a law enforcement officer has probable cause to believe a motor vehicle driven by a person under the influence of alcoholic beverages has caused the death of a human being, such person shall submit to a blood alcohol test.
This court held in Jackson v. State, 456 So.2d 916, 918 (Fla. 1st DCA 1984), that probable cause to order a blood test exists under Section 316.1933(1) if the officer, based upon reasonably trustworthy information, has knowledge of facts and circumstances sufficient to cause a person of reasonable caution to believe that the suspect driver was under the influence of alcoholic beverages at the time of the accident and caused the death or serious bodily injury of a human being. Although probable cause must be based on objective facts and circumstances, not on personal opinions or suspicions, the state met its burden in Jackson by showing that the trooper smelled alcohol on defendant's breath. Id.
Similarly, in State v. Williams, 417 So.2d 755, 756 (Fla. 5th DCA 1982), the trooper suspected intoxication and ordered a blood test based on the smell of alcohol on the defendant and the redness of his eyes. In contrast, Detective Lee's testimony reveals he had no probable cause to believe appellant was under the influence of alcohol. He neither smelled alcohol on White's breath nor knew the specific circumstances causing the accident. Furthermore, when ordering the blood test he had no knowledge of the facts testified to by the treating paramedic. Consequently, we hold that the trial court erred by permitting the results of White's blood alcohol test into evidence without a showing of probable cause. We reverse, vacate appellant's sentence, and remand for a new trial.
REVERSED and REMANDED.
ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] The presence of 0.10 percent or more by weight of alcohol in the person's blood is prima facie evidence that such person was under the influence of alcoholic beverages to the extent that his normal faculties were impaired. Section 316.1934(2)(c), Florida Statute (Supp. 1984).