492 So.2d 1160 (1986)
Laurie Ann DORMAN, Appellant,
v.
STATE of Florida, Appellee.
No. BI-126.
District Court of Appeal of Florida, First District.
August 12, 1986.
*1161 Clyde M. Collins, Jr., of Cotney & Collins, Jacksonville, for appellant.
Jim Smith, Atty. Gen., Royall P. Terry, Jr., Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Appellant/Dorman appeals from judgment and sentence for both DWI manslaughter under Section 316.1931(2)(c), Florida Statutes (1985) and vehicular homicide under Section 782.071, Florida Statutes (1985). She contends the trial court erred in (1) admitting into evidence results of the blood alcohol test, (2) imposing judgment and sentence for both DWI manslaughter and vehicular homicide, and (3) imposing additional costs under Section 27.3455, Florida Statutes (1985). As to the third issue, the record shows that the defendant paid the costs. That issue is therefore moot. On the second issue, the Supreme Court in Houser v. State, 474 So.2d 1193 (Fla. 1985), a case which was decided after sentence was imposed in the instant case, held that only one homicide conviction and sentence may be imposed for a single death. It was, therefore, improper for the trial court to impose judgment and sentence for both homicide counts. Resolution of issue one requires more expanded treatment.
The subject homicide charges stemmed from a traffic accident that occurred at 12:30 A.M. on March 2, 1985. Evidence showed that the appellant, driving her pickup truck west on a two-lane road near an intersection, turned left into the path of an oncoming motorcycle. The motorcycle ran into the side of appellant's vehicle and the operator of the motorcycle died from his injuries. It appeared from the skid marks and point of impact that appellant had attempted to negotiate her left turn approximately 20 feet before reaching the intersection.
Appellant and the victim were taken to a hospital where Trooper Juliano of the Florida Highway Patrol ordered a blood sample drawn from the appellant. The results of the blood test showed a blood alcohol level of .11%.
*1162 Appellant filed a pretrial motion seeking suppression of the evidence pertaining to the blood alcohol test, contending that Trooper Juliano lacked the necessary probable cause to order the test. The trial court denied the motion and permitted the state to introduce such evidence at trial. In this, the court erred. Section 316.1933(1), Florida Statutes (1985), provides that a blood sample may be taken by reasonable means upon the request of a law enforcement officer where the officer "has probable cause to believe that a motor vehicle driven by ... a person under the influence of alcoholic beverages or controlled substances has caused the death or serious bodily injury of a human being." In Jackson v. State, 456 So.2d 916 (Fla. 1st DCA 1984), this Court stated:
Probable cause exists under section 316.1933(1) to order a blood test if the officer, based upon reasonably trustworthy information, has knowledge of facts and circumstances sufficient to cause a person of reasonable caution to believe that the suspect driver was under the influence of alcoholic beverages at the time of the accident and caused the death or serious bodily injury of a human being. See, Behr v. State, 376 So.2d 398 (Fla. 1st DCA 1979). Although probable cause must be based on objective facts and circumstances, not on personal opinions or suspicions, see, Brown v. State, 330 So.2d 861 (Fla. 4th DCA 1976), the state has met its burden in this case by showing that Trooper Roberts smelled alcohol on appellant's breath, knew the circumstances causing the accident, and knew that appellant was the driver of the motor vehicle which caused a death.
Id. at 918. See also White v. State, 492 So.2d 1163 (Fla. 1st DCA 1986); Cox v. State, 473 So.2d 778 (Fla. 2nd DCA 1985).
In the case at bar, the essential facts known to the officers when Trooper Juliano ordered the blood sample taken were: (1) Appellant was involved in an intersection collision at 12:30 A.M. apparently caused by her making a left turn in front of the victim's oncoming motorcycle; (2) appellant and the victim were transported to the hospital where Juliano saw appellant and observed that her eyes were red and watery and that she had been crying; and (3) Juliano, according to his own testimony, did not smell alcohol on appellant's breath and could not make a determination of whether she was under the influence of alcohol. Nevertheless, Juliano further testified that he "believed" she had been drinking based upon his "observation of her" and his "eight years of experience with the Highway Patrol."
Unlike Jackson and Cox, supra, there simply were no objective facts to support the requisite probable cause. Although there was some additional information which came to the officers' attention after the blood sample was taken, it is, of course, elementary that facts which are unknown before the seizure cannot be relied upon to supply the necessary probable cause.
The evidence having failed to establish substantial compliance with the statutory requirements necessary to take the blood sample, appellant was entitled to an order precluding admission of the results of the blood test. See Beasley v. Mitel of Delaware, 449 So.2d 365 (Fla. 1st DCA 1984). The judgments and sentences must, therefore, be vacated and the case remanded for a new trial.
REVERSED and REMANDED.
GARY, WILLIAM (Associate Judge) concurs.
WENTWORTH, J., dissents with written opinion.
WENTWORTH, Judge, dissenting.
I respectfully dissent from that portion of Judge Nimmons' opinion holding that the evidence did not support the trial court's finding on probable cause for taking the blood sample.
Trooper Juliano went to the scene of the accident where he observed the physical facts and circumstances and began an investigation. He learned that a motorcyclist had been killed when appellant, the driver of the pickup truck, turned approximately *1163 twenty feet before an intersection into the path of the motorcycle. At the hospital, he observed that appellant's eyes were red and watery and her face was red.
I would conclude that the trooper's knowledge of the circumstances of the accident, together with his observation of appellant in the hospital, supplied probable cause to order the blood alcohol test.