## STATE OF FLORIDA v DANNELLY

Case No. 88-2517 (County Court Case No. 88-375-MT-"2")

First Judicial Circuit, Escambia County

February 14, 1989

### APPEARANCES OF COUNSEL

**Jeffrey E. Lewis,** Assistant State Attorney, for appellant.

**Jeanette Leighton,** Assistant Public Defender, for appellee.

Before ANDERSON, COLLIER, HEFLIN, JJ.

### OPINION OF THE COURT

THIS CAUSE was before the undersigned Judges Panel on appeal from county court. The court having reviewed the file and considered the argument presented by counsel is of the following opinion:

Appellant seeks the reversal of an order suppressing the results of a

blood test, claiming that the trial court committed reversible error when it found that a trooper had no probable cause to believe a death or serious bodily injury had occurred and therefore, that no blood could forcibly be drawn from a DUI suspect.

It is the State's burden to prove that a trooper has probable cause to order blood to be forcibly drawn per Florida Statute Section 316.1933; this probable cause must be based on objective facts and circumstances. *Jackson v State,* 456 So.2d 916 (Fla. 1st DCA 1984).

It cannot be said that the finder of fact, the trial court, erred in deciding that the State had not met its burden of proof in this case. In make such a judgment, the court was able to rely on witness testimony, as well as observations of demeanor, credibility, and attitude. Appellant asserts as error that the trial court granted the suppression motion, urging that the record reflects that the officer had sufficient observable facts for a probable cause finding. However, it is not the province of a reviewing court to reweigh evidence, to reevaluate the facts of a case, nor to substitute its judgment for that of the trier of fact.

On a motion to suppress evidence, the trial judge acts as trier of both fact and law. His conclusions come to an appellate court clothed with a presumption of correctness. In testing the accuracy of his conclusions on questions of fact, an appellate court will interpret the evidence and all reasonable inferences and deductions therefrom in the light most favorable to sustain those conclusions. *Camerson v State,* 112 So.2d 864, 869 (Fla. 1st DCA 1959).

In reviewing a suppression order, a trial court's findings of fact must be accepted unless they are clearly erroneous. *U.S. v Jonas,* 639 F.2d 200, 204 (5th Cir. 1981).

A review of the record discloses sufficient evidence to support the finding below. At one point in the suppression hearing, the trooper told the trial court that he really didn't know how serious the accident had been. He also testified that he did not ask EMS personnel on the scene about the extent of any injuries of any persons but rather, relied on the condition of the vehicles involved in the accident and an unattributed statement that someone had been pinned under a truck. He told the trial court that there "could have been" serious bodily injury, based on the amount of damage done to the two vehicles involved in the accident. The trooper did not observe the injuries of any person other than Dannelly, whom he found to be without serious injury. The officer who ultimately ordered Dannelly to submit to a forcible drawing of blood recalled only that the trooper had said there were other parties injured in the accident but did not recall what the trooper said about

**75**

how serious they were. Given this testimony, it cannot be said the trial court's finding was clearly erroneous.

Appellant further asserts as error that the trial court's order included a finding, in part, that there was no evidence of any attempt to verify the seriousness of any injury by contacting the hospital to which the occupants were taken. Such was not, as argued by State, the imposition of an additional duty on the part of the officer. Rather, the trial court was adhering to Florida law that probable cause must be based on facts known to exist rather than mere suspicion. See *Brown v State,* 330 So.2d '861 (Fla. 4th DCA 1976). It was not error to find that in forming probable cause, an officer must utilize available objective facts and that these facts must be sufficient in themselves to warrant the probable cause finding. *Behr v State,* 376 So.2d 398 (Fla. 1st DCA 1979).

For the reasons stated above, we find no error in the trial court's rulings. The finding of the trial court is AFFIRMED.

ANDERSON, HEFLIN, JJ.

Judge Lacey Collier dissenting.

I agree with the majority that on a Motion to Suppress Evidence, the trial judge acts as a trier of both fact and law, and that his conclusions come to an appellate court clothed with a presumption of correctness. I agree also that in testing the accuracy of his conclusions on questions of fact, an appellate court will interpret the evidence and all reasonable inferences and deductions therefrom in the light most favorable to sustain those conclusions.

But this Court, in reaching its decision erroneously relies upon that precept, for no disagreement as to the facts of this case has been presented. We are not therefore called upon to disagree with the observations of demeanor, creditability, or attitude, made by the trial court.

The admitted facts of this case show that Trooper Davis observed two severely damaged vehicles upon his arrival at the crash scene. Photographs in evidence confirm this fact. The windshield of defendant's car reveals that both occupants had struck the windshield with their heads and that defendant's passenger had already been transported to the hospital. Witnesses at the scene which included Sheriff's deputies, volunteer firemen, and EMS personnel, reported to Trooper Davis that the driver of the pick-up truck had been pinned under the truck and had been evacuated to a hospital by Life Flight. Trooper Davis himself smelled alcoholic beverages on the breath of the defen-

76

dant, who was still present at the scene; and observed several containers of beer on the front floorboard of defendant's car. The defendant was identified as the driver of the car involved in the accident. Due to the seriousness of the accident as viewed by Trooper Davis, he called for homicide investigators to come to the scene to take photographs and assist with the accident investigation.

The First District Court of Appeals in *Jackson v State,* 456 So.2d 916 (Fla. 1st DCA 1984) found that

Probable cause exists under Section 316.1933(1) to order a blood test if the officer, based upon reasonably trust-worthy information, has knowledge of facts and circumstances sufficient to cause a person of reasonable caution to believe that the driver was under the influence of alcoholic beverages at the time of the accident and caused the death or serious bodily injury of a human being. (Id. 918., See *Behr v State,* 376 So.2d 398 (Fla. 1st DCA 1979).

The test is not whether Trooper Davis knew for certain how serious the accident had been. It is not a subjective standard but an objective one—whether "a man of reasonable caution" would believe that the accident caused death or serious bodily injury.

It is not proper to look back in hind-sight to determine whether or not it turned out that there was in fact injury or death. It is a question of what Trooper Davis knew at the time he ordered the blood drawn, not whether he did not know, if his actions were reasonable. He was not required to determine the exact injury or prognosis before ordering blood to be drawn.

It is clear from the order that the Trial Court based its decision in part on the fact that there was no evidence of an attempt to verify the seriousness of injury by contacting the hospital. No such duty exists in law. The majority choses to disregard this finding by the Trial Court. Once probable cause is determined from reasonably trust-worthy information, and the order to draw blood is given, the probable cause exists and cannot be destroyed by subsequent facts.

In this case the trooper acted reasonably and had knowledge of facts and circumstances sufficient to cause any person of reasonable caution to believe that this accident caused death or serious injury.

The order of the Trial Court should be reversed and the State should be permitted to proceed in accordance with the law.

COLLIER, J.

*Note:* The following order is that of the County Court Judge G. J. Roark, III and was the order on which the foregoing appellate opinion

was handed down by the panel of circuit judges sitting in their appellate capacity in and for the First Judicial Circuit in and for Escambia County, Florida.

## ORDER GRANTING MOTION TO SUPPRESS

This cause came before the Court on defendant's motion to suppress results of a blood sample. The Court, having heard the evidence and the argument of counsel for the State and the defendant, finds as follows:

1. The officer who investigated the accident and ordered the drawing of blood, Trooper Davis, did not personally observe the injuries of any person other than the defendant who did not have serious injuries.

2. The officer did not inquire of the hospital, nor cause any inquiry to be made of the hospital, regarding injuries to persons other than the defendant although it is a practice of the Highway Patrol to have the dispatcher do so.

3. The officer did not talk to the emergency medical services technician who examined the persons involved in the accident.

4. The officer based his belief that there were serious injuries on vehicle damage and information from unknown persons at the scene who may or may not have had the experience necessary to properly evaluate the seriousness of an injury.

Probable cause must be based on facts known to exist rather than mere suspicion. *Brown v State,* 390 So.2d 861 (Fla. 4th DCA 1976), *White v State,* 11 FLW 1578 (Fla. 1st DCA 1986). Before probable cause exist to order a blood test, the officer must have knowledge of facts and circumstances sufficient to cause a person of reasonable caution to believe that serious bodily injury has occurred, and such knowledge must be based on reasonably trustworthy information. *Jackson v State,* 456 So.2d 916 (Fla. 1st DCA 1984). Probable cause must be based on objective facts and circumstances, not on personal opinions or suspicions. *Id.*

In this case the officer had available to him reasonably timely and accurate information that, for whatever reason, he failed to make use of. He assumed that the condition of the vehicles indicated serious injury, despite the fact that the driver of one of those vehicles, the only person involved in the accident that he saw, was not seriously injured. The Court is mindful of the fact that these decisions need to be made quickly before the evidence is lost. However, there is no evidence of any attempt to verify the seriousness of the injury by contacting the

hospital to which the occupants were taken, even though that seems to be a practical alternative, if not a routine practice. The fact that Florida Statute 316.1932 requires that the officer have probable cause, rather than a reasonable suspicion, indicates that the officer must utilize the available objective facts and that such facts must be sufficient in themselves to warrant his beliefs. See, *Behr v State,* 376 So.2d 398 (Fla. 1st DCA 1979).

DONE AND ORDERED this 26th day of May, 1988.