PER CURIAM.
The sole evidence to support the law enforcement officer’s probable cause to order a blood test of appellee was appellee’s treating physician’s statement which itself was based solely upon the results of diagnostic tests performed on appellee. The trial judge correctly determined that the diagnostic information furnished by appel-lee’s treating physician violated appellee’s doctor/patient privilege as stated in section 395.017(3)(d), Florida Statutes (1991). That evidence, therefore, could not be properly utilized by the law enforcement officer as the sole source of probable cause to believe that alcohol was a factor in the accident in which appellee had been involved. State v. Wenger, 560 So.2d 347 (Fla. 5th DCA 1990); White v. State, 492 So.2d 1163 (Fla. 1st DCA 1986).
Affirmed.
DANAHY, A.C.J., and CAMPBELL, J., concur.
ALTENBERND, J., dissents with opinion.