GREEN, J.
The state appeals an order suppressing the results of a blood alcohol test administered to the appellee motorist pursuant to section 316.1933, Florida Statutes (1995), after she was involved in an automobile accident causing serious bodily injury to another motorist. We affirm.
Section 316.1933(1) provides that if a law enforcement officer has probable cause to believe a motor vehicle driven by a person under the influence of alcoholic beverages has caused the death or serous bodily injuries to a human being, such person shall submit to a blood alcohol test. See White v. State, 492 So.2d 1163, 1164 (Fla. 1st DCA 1986). Although the accident in this case resulted in serious bodily injuries there is absolutely no evidence in the record before us that the officer who ordered the blood to be drawn from the appellee had any probable cause to believe that she was under the influence of an alcoholic beverage, chemical or controlled substance at the time of the accident. The officer who ordered the blood to be drawn from the appellee did not testify at the suppression hearing. Although the state is certainly correct that this officer could have properly relied upon the observations made by another officer at the scene to establish his probable cause, see State v. Johnson, 695 So.2d 771, 774 (Fla. 5th DCA 1997) (holding that “[ajlthough it may be hearsay, a police officer is justified in relying on what he or she is told by a fellow officer, in such instances to establish probable cause”) (citing Henninger v. State, 667 So.2d 488 (Fla. 1st DCA 1996)), there is no record evidence that this is what *146 occurred in this case. In fact, the record evidence affirmatively reflects that the ap-pellee’s blood was ordered to be drawn as nothing more than a standard operating procedure in an accident involving serious bodily injuries. Thus, because the appel-lee’s blood alcohol test was not ordered in accordance with the statutory requirements of section 316.1933, we conclude that the trial court properly suppressed the results of the test in this case. See Dorman v. State, 492 So.2d 1160, 1162 (Fla. 1st DCA 1986); White, 492 So.2d at 1164.
Affirmed.