JOE OSBORNE, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed May 1, 1924.

This case was decided by Division B.

1. Under the law of this State sheriffs, police officers and other executive officers are not only authorized, but it is made their duty to arrest and take in custody without warrant any person whom such officer has reasonable ground to believe and does believe has committed a felony.

2. The refusal of the trial court to admit evidence showing that the defendant, a police officer, had reasonable ground to believe that the prosecuting witness when arrested by defendant had committed a felony deprived him (defendant) of substantial defense and was reversible error.

A Writ of Error to the Circuit Court for Volusia County; J. J. Dickinson, Judge.

Reversed.

*E. W.* and *R. C. Davis* and *M. G. Rowe,* for Plaintiff in Error;

*Rivers Buford,* Attorney General and *J. B. Gaines,* Assistant for the State.

TERRELL, J.—Joe Osborne, Chief of Police of Daytona, Florida, was indicted for assault with intent to commit murder in the first degree and upon trial was convicted of aggravated assault. A judgment imposing a fine of fifty dollars, or in default of payment thereof, confinement in the county jail for a period of thirty days was imposed, and writ of error taken to this court.

The crime for which Osborne was indicted grew out of an attempt on his part to arrest without a warrant one C. T. Pent, the prosecuting witness, he having reasonable ground to believe that Pent had committed felony.

The first, second, third, fourth and fifth assignments of error challenge the refusal of the trial court to admit evidence showing that Osborne had reasonable ground to believe that Pent had in fact committed a felony.

Under Section 6029, Revised General Statutes of Florida, 1920, sheriffs, police officers and other executive officers in this State are not only authorized, but it is made their duty to arrest and take in custody without warrant, any person whom such officer has reasonable ground to believe, and does believe, has committed any felony.

Our statute seems to be in line with the general rule on this question. Robertson v. State, 42 Fla. 223, 28 South.

Rep. 424; Haynes v. State, 71 Fla. 585, 72 South. Rep. 180; Ballard v. State, 43 Ohio St. 340; 1 Am. & Eng. Ency. Law, 732; 2 R. C. L. 447, where many cases are cited.

The refusal of the trial court to admit evidence showing that the defendant Osborne had reasonable ground to believe that Pent had committed a felony deprived him of substantial matter of defense that he was entitled to have go to the jury.

The judgment of the Circuit Court of Volusia County is, therefore, reversed, and a new trial awarded.

WHITFIELD, P. J., AND WEST, J., concur.

TAYLOR, C. J., AND ELLIS, J., concur in the opinion.

BROWNE, J., not participating.