PER CURIAM.
Crouch sued the City of Miami and one of its police officers, De Cerce, for damages allegedly resulting from his false arrest. The trial court ruled the arrest was unlawful and the jury, in response to special interrogatories, found the arrest occurred within the city limits of Miami, Florida. The jury returned a verdict of $19,500 for Crouch. The trial court ordered a remittitur of $5,000, or a new trial, and Crouch accepted the order of remitti-tur. The city has appealed.
The city raises four points in its appeal. The first is that the trial court erred in ruling that the arrest of Crouch was unlawful.
We must construe the conflicting evidence in the light most favorable to Crouch. See Rose v. Gráble, Fla.App.1967, 203 So.2d 648. Under this view the evidence reveals that by using documents furnished to him by the dockmaster, officer De Cerce determined that a certain boat known as the “109” was improperly moored at the Dinner Key dock. He did not see the boat being moored and there was no one on the boat at that time so he looked around the dock area for the boat owner for approximately ten or fifteen minutes. He then drove to the home of the plaintiff, located outside the city limits, discussed the matter with Crouch and requested Crouch to follow him to the city police station. Crouch followed him to the station where De Cerce arrested him for violation of City of Miami Ordinance 50-11.
Section 50-11 of the City of Miami provides :
“It shall be unlawful for the owner or operator of any vessel within the city to obstruct any established channel of the city, or to anchor within the limits of such channel or within the protected area of any yacht basin, or to tie up to or to discharge persons upon any navigational aid within the city * *
A police officer may arrest without a warrant for the violation of a municipal ordinance committed in his presence and if the arrest is for violation of a municipal ordinance it “shall be made immediately or on fresh pursuit”. § 901.15(1), Fla.Stat. F.S.A.
Here, the violation of the municipal ordinance was not committed in the presence of the arresting officer and there is an insufficient showing that the arrest of Crouch was made “immediately” or on “fresh pursuit”. See Malone v. Howell, 140 Fla. 693, 192 So. 224 (1939); Campbell v. County of Dade, Fla.App. 1959, 113 So.2d 708; and Att.Gen.Op. #071-72, dated April 15, 1971.
The case, sub judice, is distinguishable from Kirby v. State, Fla.App.1969, 217 So. 2d 619. In Kirby, the offense was committed by the defendant in the presence of the officer in such a manner as to be actually detected by him by the use of his sight and his hearing.
We, therefore, affirm the determination that the arrest was unlawful and within the city limits of Miami, Florida.
The city next challenges the sufficiency of the evidence to sustain the verdict. The main thrust of the damage claim was th^t Crouch had lost approximately $20,000.00 of anticipated profit as a result of the cancellation of an alleged agreement to dredge a channel in waters adjacent to an unpopulated island in the Bahamas.
*741 The evidence in the record on appeal was insufficient to establish a valid contract between Crouch and one Wilson and insufficient and speculative as to the amount of damages suffered by Crouch. See Kennedy & Ely Ins., Inc. v. American Employers’ Ins. Co., Fla.App.1965, 179 So.2d 248; 9 Fla.Jur. Damages § 17 and 7 Fla.Jur. Contract § 27.
We have considered the point raised by the city concerning the alleged error in failing to grant its motion to dismiss and -find it to be without merit. Garrett v. Oak Hall Club, Fla.1960, 118 So.2d 633.
We affirm the final judgment in the determination that the arrest was unlawful and within the city limits of Miami, Florida but we reverse for a new trial on the question of damages suffered by Crouch.
We do not pass on the other points raised by the city in this appeal.
It is So Ordered.