363 So.2d 21 (1978)
Terrence Levi SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1856.
District Court of Appeal of Florida, Third District.
September 19, 1978.
Rehearing Denied October 23, 1978.
*22 Pollack, Spain & O'Donnell, John H. Lipinski, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and KEHOE, JJ.
KEHOE, Judge.
Appellant, defendant below, brings this appeal, after entering a plea of nolo contendere and reserving the point for appeal, from the trial court's denial of his motion to suppress. We affirm.
The sole point raised by appellant on appeal is that the trial court erred in denying his motion to suppress because the arresting officer lacked probable cause to arrest him. As a result of the arrest and the ensuing search of appellant, cocaine was discovered on his person, for which he was convicted for possessing a controlled substance.
The trial court's reason for ruling on appellant's motion as it did is shown in the record as follows:
"The Court finds that it is uncontroverted that one of the officers, the first officer that testified, saw both defendants in the front seat of the automobile; that after they got out of the automobile, the second officer came up, arrived, went over to the automobile, looked in it  I don't think there is any evidence that he stuck his head in to look in it  had an open view on the front seat in the middle of the front seat, in open view where several marijuana cigarettes. Court finds that that was probable cause to arrest both defendants for possession of marijuana, either both jointly or that one was in possession and the other one was an accessory by knowledge beforehand that having arrested them for the possession of the marijuana, that they had probable cause to seach [sic] the defendants when apparently something else was found."
We agree with the trial court's reasoning that, under the facts of this case, there was probable cause for the officer to arrest appellant for the possession of marijuana. Having the right to observe and to seize the contraband which was in plain view, the officer also had the right to detain the occupants, including appellant as a passenger, of the vehicle and to investigate the question of which, or if both of the occupants, had committed the offense. The lack of specific knowledge of which of the two potential culprits was last in possession of the marijuana did not require that the officer simply shrug his shoulders and allow the suspects to escape. See Piantadosi v. State, 311 So.2d 742 (Fla. 3d DCA 1975). The officer had a clear duty to enforce the criminal laws of this State which proscribe the possession of such contraband. See, e.g., United States v. Allen, 472 F.2d 145 (5th Cir.1973); United States v. West, 460 F.2d 374 (5th Cir.1972); and Wilson v. Porter, 361 F.2d 412 (9th Cir.1966).
Section 901.15, Florida Statutes (1975), provides, among other things, that a peace officer may arrest a person, without a warrant, when:
* * * * * *
"(3) He reasonably believes that a felony has been or is being committed and reasonably believes that the person to be arrested has committed or is committing it.
* * * * * *
In construing this and similar statutes, the courts of this State have held that police *23 officers are not only authorized, but it is their duty, to arrest and take into custody without a warrant any person who the officer has reasonable grounds to believe, and does believe, has committed any felony. See, e.g., State v. Outten, 206 So.2d 392 (Fla. 1968); State v. Simmons, 85 So.2d 879 (Fla. 1956); Brown v. State, 46 So.2d 479 (Fla. 1950); Jeffcoat v. State, 103 Fla. 466, 138 So. 385 (1931), and Osborne v. State, 87 Fla. 418, 100 So. 365 (1924).
We note that probable cause to arrest is not to be equated with the standards of conclusiveness and probability required upon which a conviction must be based. See State v. Outten, 206 So.2d 392 (Fla. 1968). Arrests are made upon probable cause or a reasonable ground for belief, not proof beyond a reasonable doubt. See Hall v. State, 219 So.2d 757 (Fla. 3d DCA 1969). The officer need not actually see the law being violated nor must he satisfy himself beyond any question that a felony has been committed. See Russell v. State, 266 So.2d 92 (Fla. 3d DCA 1972). Further, possession of contraband may be both joint as well as constructive. See Estevez v. State, 189 So.2d 830 (Fla. 2d DCA 1966), and Reynolds v. State, 92 Fla. 1038, 111 So. 285 (1927). Such concepts are equally applicable to drug cases. See United States v. Saunders, 476 F.2d 5 (5th Cir.1973); State v. Eckruth, 238 So.2d 75 (Fla. 1970); Spatero v. State, 179 So.2d 873 (Fla. 2d DCA 1965), and Annot., 91 A.L.R.2d 810 (1963). These principles of law and the record in this cause support our opinion that, as the trial court correctly ruled, there was probable cause to arrest appellant for possession of marijuana. Additionally, we note that the right to search the person of a suspect under arrest, without warrant, is well recognized. See, e.g., Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), and § 901.21, Fla. Stat. (1975). When, as in this case, that search reveals additional contraband, a defendant may be properly charged with and convicted of this violation. Here, pursuant to appellant's lawful arrest, based on probable cause, a proper search of appellant was made which revealed the cocaine in his possession. For this latter offense, appellant pleaded nolo contendere and was properly convicted, adjudged guilty, and sentenced.
Appellant's other contention in support of his point on appeal, under the facts of this case, are without merit.
Affirmed.