Mr. Tom Collins Chief of Police, Apopka Police Department
QUESTION:
May a municipal police officer make an arrest for a traffic offense outside of his jurisdiction when in fresh pursuit?
SUMMARY:
While municipal police officers may make a fresh pursuit arrest outside of the municipal boundaries in their official capacity as peace officers for a violation of a municipal ordinance or for the commission of a felony or misdemeanor, such officers are not authorized by s. 901.25, F.S., to make such a fresh pursuit arrest for those violations of ch. 316, F.S., which have not been classified as criminal violations or adopted as municipal ordinances pursuant to s. 316.008, F.S.
Your inquiry is based upon the following facts. A municipal police officer is in `hot' pursuit of a vehicle within the city limits with the intent of charging the driver with a traffic offense occurring inside the city limits. The suspect vehicle leaves the city limits and is subsequently stopped by the police officer outside of the corporate limits of the municipality but still within the county in which the municipality is located. You inquire as to whether the municipal police officer may make an arrest under the foregoing circumstances.
Section 316.640(3)(a), F.S., requires the police department of a municipality to enforce the traffic laws of the state on all the streets and highways thereof and elsewhere throughout the municipality wherever the public has a right to travel by motor vehicle and expressly provides that nothing in ch. 316 shall affect any law, general, special or otherwise, in effect on January 1, 1972, relating to `hot pursuit' without the boundaries of the municipality.
Section 901.15(5), F.S., authorizes a peace officer to arrest persons without a warrant when a violation of ch. 316 has been committed in the presence of the officer; such arrest may be made immediately or on fresh pursuit. See AGO 076-6 concluding that a traffic infraction as defined in s. 318.13(3), F.S., is a `violation' for purposes of s. 901.15(5) authorizing a peace officer to cite a traffic violation immediately or on fresh pursuit and that the issuance of a traffic citation is an `arrest' as contemplated in s. 901.15(5). Cf. s. 901.15(1), F.S., which authorizes a warrantless arrest when the person has committed a felony or misdemeanor or violated a municipal ordinance in the presence of the officer. And see Malone v. Howell, 192 So. 224
(Fla. 1939); Waters v. Ray, 167 So.2d 326 (1 D.C.A. Fla., 1964) (arrest without a warrant for a misdemeanor to be lawful can only be made if the offense was committed in the presence of an officer — that is, it must have been within the presence or view of the officer in such a manner as to be actually detected by the officer by the use of one of his senses); City of Miami v. Crouch,249 So.2d 739 (3 D.C.A. Fla., 1971). Thus a municipal police officer, as a peace officer, may make warrantless `arrests' for violations of ch. 316 committed in his presence. See AGO 076-19 stating that a municipal officer is a peace officer, and 70 C.J.S.Peace Officer, p. 380. Cf. Osborne v. State, 100 So. 365 (Fla. 1924).
While s. 901.15, F.S., authorizes a municipal police officer to make arrests without a warrant when a violation of ch. 316 has been committed in his presence, immediately or on fresh pursuit, the statute does not operate to extend his territorial limits of duty beyond the municipal boundaries. See City of Coral Gables v. Giblin, 127 So.2d 914, (3 D.C.A. Fla., 1961), affirmed,149 So.2d 561 (Fla. 1963); and AGO 055-24. Cf. City of Miami Beach v. Valeriani, 137 So.2d 226, 227 (Fla. 1962); Hand v. City of North Miami, 211 So.2d 36 (3 D.C.A. Fla., 1968). Section 901.25(2), F.S., which was in effect on January 2, 1972 (see s.316.640(3)(a), F.S.), however, expressly authorizes a municipal officer of arrest a person outside of his jurisdiction when in fresh pursuit, stating:
 Said officer shall have the same authority to arrest and hold such person in custody outside his jurisdiction, subject to the limitations hereafter set forth, as has any authorized arresting state, county, or municipal officer of this state to arrest and hold in custody a person not arrested in fresh pursuit.
Section 901.25 thus permits a municipal police officer to make a fresh pursuit arrest for the commission of certain offenses from within the municipality to any point in the state and to make the arrest in his official capacity as a peace officer. (See s. 1, ch. 78-246, Laws of Florida, which substantially reworded s. 901.25, F.S., to permit fresh pursuit as authorized therein to any point within the state; s. 901.25, F.S. 1977, had formerly limited such pursuits to any point within the county in which the municipality is located.) When, however, an arrest has been made by an officeroutside the county within which his jurisdiction lies, s.901.25(3), F.S., as amended by s. 1, ch. 81-313, Laws of Florida, provides that the arresting officer shall immediately notify the officer in charge of the jurisdiction in which the arrest is made and such officer shall, along with the officer making the arrest, take the person so arrested before a county court judge or other committing magistrate of the county in which the arrest was made without unnecessary delay. Under the facts set forth in your letter, the suspect was arrested within the county in which the municipality is located although outside of the municipality's corporate limits; it therefore appears the provisions of s.901.25(3), F.S., as amended, requiring the arresting officer to notify the officer in charge of the jurisdiction in which the arrest is made, would not be of the jurisdiction in which the arrest is made, would not be applicable as the arrest did not occur `outside the county *3490 within which [the arresting officer's] jurisdiction lies.'
Subsection (1) of s. 901.25, F.S., defines `fresh pursuit' as used in the section to include:
 fresh pursuit as defined by the common law and also the pursuit of a person who has committed a felony or who is reasonably suspected of having committed a felony . . . . It shall also include the pursuit of a person who has violated a city ordinance or committed a misdemeanor.
Section 901.25, however, fails to enumerate violations of ch. 316, F.S., as authorization to make a fresh pursuit arrest beyond the municipal limits. Many of the traffic violations in ch. 316 are now deemed to be noncriminal traffic infractions. See s. 318.14, F.S., which states that except as provided in s. 318.17, F.S., any person cited for a violation of, inter alia, ch. 316 shall be deemed to be charged with a noncriminal traffic infraction. Where a statute enumerates the things upon which it is to operate, it ordinarily is to be construed as excluding from its operation all things not expressly mentioned. Thayer v. State, 335 So.2d 815,817 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Ideal Farms Drainage District v. Certain Lands,19 So.2d 234 (Fla. 1944). Thus the provisions of s. 901.25 do not appear to authorize municipal police to make fresh pursuit arrests outside of the municipality in their official capacity for violations of ch. 316 which have not been classified as felonies or misdemeanors. Moreover, ch. 316 was enacted in 1971 in order `to make uniform traffic laws to apply throughout the state and its several counties and uniform traffic ordinances to apply in all municipalities,' s. 316.002, F.S. In order to ensure that the provisions of ch. 316 are applicable and uniformly applied, s.316.007, F.S., states that no municipality `shall enact or enforce any ordinance on a matter covered by [ch. 316] unless expressly authorized.' The Legislature has recognized that there are `conditions which require municipalities to pass certain other traffic ordinances in regulation of municipal traffic that are not required to regulate the movement of traffic outside of such municipalities,' see s. 316.002, and in s. 316.008, F.S., has enumerated those areas within which a municipality may permissibly regulate by ordinance certain traffic movement and parking. Sections 316.007 and 316.008, however, expressly prohibit traffic control regulation by municipalities and the enforcement of any matter covered by ch. 316, except for those matters set forth in s. 316.008; municipalities may therefore exercise their delegated police power to enact ordinances only in those areas and on those matter enumerated in s. 316.008. Thus, while municipal police officers may make a fresh pursuit arrest in their official capacity for a violation of a municipal ordinance outside of the city limits pursuant to s. 901.25, municipal police officers are not authorized by the terms of that statute to make fresh pursuit arrests in their official capacity outside of the municipal boundaries for those violations of ch. 316 which are not classified as criminal violations or which have not been adopted as municipal ordinances pursuant to s. 316.008. A violation of a municipal traffic ordinance adopting or incorporating the provisions of ch. 316 as authorized by s. 316.008, or any statute relating to traffic regulation constituting a misdemeanor or felony, would, however, fall within the purview of s. 901.25
authorizing municipal police officers to make fresh pursuit arrests outside of the municipality. See generally Greene v. City of Sunrise, 323 So.2d 30 (4 D.C.A. Fla., 1975); cf. AGO's 072-285 and 073-59.
Prepared by: Joslyn Wilson, Assistant Attorney General