477 So.2d 32 (1985)
STATE of Florida, Appellant,
v.
John Edward NOBLES, Appellee.
No. BE-256.
District Court of Appeal of Florida, First District.
October 17, 1985.
Rehearing Denied November 15, 1985.
Jim Smith, Atty. Gen., and Thomas H. Bateman, III, Asst. Atty. Gen., Tallahassee, for appellant.
Michael E. Allen, Public Defender, and Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellee.
SHIVERS, Judge.
Appellant, State of Florida, appeals an order of the trial court granting the appellee's motion to suppress evidence. We agree with the appellant that the trial court erred in granting the motion to suppress, and reverse.
On June 17, 1984, Investigator Shewey and Officer Morgan of the Levy County Sheriff's Department were sitting in Officer Atkins' car at the Jiffy store. A van, which had circled the parking lot previously, left the parking lot spinning its wheels. Officer Morgan got out of Atkins' car and pursued the van. When Officer Atkins arrived on the scene, the driver, Jeffrey Ziegler, had been arrested for driving under the influence.
After Ziegler's arrest, Officer Atkins approached the van and observed marijuana cigarette butts through the window in plain view in an ashtray on the center console. At that time Ziegler stated that he had been smoking marijuana and had put the "roaches" (i.e., cigarette butts) in the ashtray.
Officer Atkins testified that the ashtray and console were between the driver and passenger seat where the appellee, Nobles, had been sitting. The ashtray and console were visible and reachable from both the driver and passenger side of the van. The appellee, the passenger, was then arrested for possession of the marijuana observed in the ashtray. During the pat-down of the *33 appellee incident to the arrest, Officer Atkins found some pink pills in the appellee's back pocket. The pills were later identified as diazepam. A subsequent search of the van revealed an envelope of marijuana between the driver and passenger seat.
The appellee was charged with one count of possession of cannabis in an amount less than twenty (20) grams, a misdemeanor of the first degree, and one count of possession of diazepam, a felony of the third degree. The appellee filed a motion to suppress the cellophane bag containing the pink pills and any statement made by appellee regarding the pills. Appellee alleged the police lacked probable cause to place him under arrest for possession of the cannabis and, therefore, any evidence discovered in the subsequent search should be suppressed.
The State argued that this case should be controlled by the decision in Smith v. State, 363 So.2d 21 (Fla. 3d DCA 1978). We agree.
In Smith, a police officer stopped a car carrying two people in the front seat. After the occupants had gotten out of the car, a second officer observed marijuana cigarettes on the front seat. The occupants were arrested for possession of marijuana and a subsequent search of one of the men revealed cocaine.
The Third District pointed out that probable cause to arrest is not to be equated with the standard of conclusiveness and probability upon which a conviction must be based. State v. Outten, 206 So.2d 392 (Fla. 1968). Further, possession of contraband, including illegal drugs, may be joint as well as constructive. Estevez v. State, 189 So.2d 830 (Fla. 2d DCA 1966). Thus, probable cause existed to arrest the defendant for joint possession of marijuana. The court held the arrest was legal and the cocaine discovered incident to the arrest was admissible. As in Smith, we believe there was probable cause to arrest the appellee in the instant case.
The Fourth District has stated:
[P]robable cause is not to be evaluated from a remote vantage point of a library, but rather from the viewpoint of a prudent and cautious police officer at the scene at the time of the arrest. The question to be answered is whether such an officer in the particular circumstance, conditioned by his observations and information and guided by his whole police experience reasonably could have believed that a crime had been committed by the person arrested.
State v. Melendez, 392 So.2d 587 (Fla. 4th DCA 1981). In light of the requirements set out in State v. Melendez, Officer Atkins had probable cause to arrest the appellee. Officer Atkins testified he had 16-17 years of law enforcement experience. He had received training in the identification of narcotics and had observed marijuana cigarettes on more than fifty (50) occasions. Further, he testified he saw the marijuana roaches in an ashtray on the center console, which was located within the reach of both the driver and the appellee. Based on what he saw and on his 16 years of law enforcement experience, it was reasonable for Officer Atkins to believe the appellee was in joint possession of the marijuana. We agree with the State that probable cause existed to arrest the appellee for possession of marijuana when Officer Atkins observed the marijuana in plain view.
Accordingly, the trial court's order granting the motion to suppress is REVERSED.
WENTWORTH and WIGGINTON, JJ., concur.