STONE, Judge.
This is an appeal by the state from orders granting a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) and granting a motion to suppress.
The arresting officer, an undercover narcotics detective, was conducting surveillance in the parking lot of a lounge where there had been quite a lot of drug activity. At approximately 2:30 a.m. the appellee was observed standing just inside an open door on the driver’s side of an automobile, leaning and looking into the car. An occupant was in the passenger seat. The officer observed the appellee walking to the trunk, open it and quickly put something in or take something out before closing it, and returning to where he was first observed. The car windows were down. The officer approached the passenger side and observed cocaine on a cassette container being spread by the passenger. The container was apparently in the passenger’s hands, but it is not clear where his hands were resting. At that point the officer identified himself, confiscated the cocaine, and arrested the passenger. The appellee was also arrested for possession of that cocaine.
Incident to the arrest, appellee was searched and a bag of cocaine was found in his pocket. The officers also discovered that the card which had been used by the passenger to spread the cocaine had the appellee’s name on it. Appellee’s wallet was found inside the trunk and the state has alleged that the automobile belonged to him.
Rather than file a traverse to the motion to dismiss, the state demurred, and agreed to include the testimony from the officer’s deposition in its response. The Information does not specify which cocaine, is the subject of the charge. For the purposes of the motion to dismiss, we assume that it is charging appellee with possession of all of the cocaine referred to above.
We conclude, considering all inferences most favorably to the state, that the court erred in granting the motion to dismiss. See State v. Hunwick, 446 So.2d 214 (Fla. 4th DCA 1984); Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981); State v. Hamlin, 306 So.2d 150 (Fla. 4th DCA 1975); Cummings v. State, 378 So.2d 879 (Fla. 1st DCA 1979), cert. denied, 386 So.2d 635 (Fla.1980). See also State v. Alford, 395 So.2d 201 (Fla. 4th DCA 1981).
*584 With respect to the motion to suppress the drugs found in his pocket, the appellee argues that the officer had no probable cause to arrest him. In determining whether there was probable cause, it is clear that the facts must be viewed from the perspective of the arresting officer. See State v. Outten, 206 So.2d 392 (Fla.1968). We are not unmindful of the holding of this court in Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976) or Harvey v. State, 390 So.2d 484 (Fla. 4th DCA 1980), but we recognize, without commenting on the extent to which they may or may not be factually distinguishable, that the standards with respect to probable cause for arrest are substantially different than the standards for conviction at trial.
Here, the officer, had probable cause to believe that the felony of possession had been committed by the appellee in his presence. As such, the officer was entitled to make the arrest and perform the search. State v. Nobles, 477 So.2d 32 (Fla. 1st DCA 1985), case dismissed by Nobles v. State, 492 So.2d 1334 (Fla.1986); Smith v. State, 363 So.2d 21 (Fla. 3d DCA 1978).
The orders of the trial court granting the motion to dismiss and to suppress are reversed. This cause is remanded for further proceedings and trial.
ANSTEAD and GUNTHER, JJ., concur.