PER CURIAM.
The state timely appeals the trial court’s order suppressing evidence against the accused because of lack of evidence of either actual or constructive possession of cocaine. We reverse.
The accused and one Frank Blake were charged with possession of cocaine, possession of drug paraphernalia and trespassing on the property of Julie McCowin. Blake apparently obtained a key to an apartment owned by McCowin. When Mrs. McCowin discovered his presence in the apartment, she asked him to leave. Blake asked if he could stay. He also asked if she would accept as rent a third party check. She *1347 initially agreed. However, her husband did not want to do this and he returned the check to Blake the following day and told him to leave the apartment or he would be arrested for trespassing. Later in the day, Mrs. McCowin went over to the apartment and found Blake and the accused there. She called the police and requested that they be removed as trespassers.
An officer was dispatched in response to Mrs. McCowin’s call. He opened the unlocked door of the apartment, after a knock went unanswered, and discovered the accused and Blake inside the smoke-filled room. He observed a still warm base pipe on the couch in open view. The two were arrested.
The accused moved to suppress the physical evidence alleging that there was no probable cause justifying the search. The search was not incident to a lawful arrest so its seizure represented “the fruits of a poisonous tree.” The accused claimed that Blake was a lessee since he tendered a check to Mrs. McCowin. Therefore, the tenant (Blake) and the accused had a reasonable expectation of privacy in the premises. Since the officer’s entry into the apartment was non-consensual, the search was illegal and any contraband seized unlawfully.
A hearing was held on the motion. After the testimony of Mrs. McCowin, the trial court stated it was going to grant the motion since the accused did not have any contact with anybody. She was just in the apartment. The trial court further opined:
I don’t see much need. I’m going to grant your motion, so what the hell do you want to argue about?
I don’t know. She was just standing in that room. She doesn’t have any contact with anybody.
The state objected and pointed out the basis for the motion was the illegal entry of the officers. The court replied:
I don’t care what it was going toward. Even if they walked in there, even if they had permission to walk in, which I assume they did, but, see, as far as she’s concerned, she didn’t have much room to object as to how the officers got in there unless you expected she was in there with Blake and wanted some privacy. Even if everything had been otherwise, there’s no showing that she had any control or possession over that, [emphasis added]
The prosecutor repeated his objection to the court’s ruling:
The actual motion that has been filed did not even question the seizing of the pipe. What it stated was the pipe was the illegal product of warrantless non-consensual search.
The court then stated, “I don’t care what you call something. It’s still the same animal and she had absolutely no contact with anybody.”
The issue now before this court is whether the trial court erred in granting the defendant’s motion to suppress on a ground not set forth in the motion and which was not authorized by the applicable Rule of Criminal Procedure.
The state claims that the trial court erred in ruling on a basis other than what was set forth in the suppression motion. To support this view, the state cites Florida Rule of Criminal Procedure 3.190(h). Rule 3.190(h)(2) specifies that the motion must “clearly state the particular evidence sought to be suppressed, the reasons for suppression and a general statement of the facts on which the motion is based.” Although the rule provides that a motion is patently defective where it is not supported by specific reasons or factual allegations, State v. Butterfield, 285 So.2d 626 (Fla. 4th DCA 1973), that is not the real issue here. Rather, the issue is whether the trial court can sua sponte amend the motion and consider other factors in ruling on it. State v. Hinton, 305 So.2d 804 (Fla. 4th DCA 1975), is helpful with regard to this matter. It suggests that a judge can take judicial notice of evidence but the state must have the opportunity to rebut such evidence:
The state urges that the defendant must present evidence to support his mo *1348 tion; that the motion itself is not evidence nor is the court file sufficient to comply with the ‘evidence’ requirement placed upon the moving party. Clearly, a motion to suppress (and the allegations therein) are not ‘evidence’ nor do they comply with the necessity of defendant to ‘present evidence supporting his position’. Nonetheless, if the motion asserts a fact issue which is reflected in and can be resolved by an inspection of a court file we can see no reason why this assertion may not, under certain limited circumstances, constitute ‘evidence supporting his’ (defendant’s) ‘position’.
* * * * * *
In the case sub judice when the defendant demonstrated a warrantless arrest and search a prima facie showing of invalidity was thereby established satisfying the defendant’s burden under Rule 3.190(h)(3); the burden then shifted to the state to prove a legal search which it failed to do. See Bicking v. State, supra [293 So.2d 385 (Fla. 1st DCA 1974)]. It is well established that the ultimate burden of proof as to the validity of a war-rantless search is on the state. Mann v. State, Fla.App.1974, 292 So.2d 432 [ (Fla. 2nd DCA 1974) ]. Certainly the state had every opportunity to offer rebuttal evidence either by producing the warrant, if one was in existence, or by presenting testimony bearing upon the validity of the defendant’s arrest and search. Having so failed to do, the trial court was left with no alternative but to grant defendant’s motion to suppress.
Here, the state was not allowed to make any rebuttal. Furthermore, we question whether the reason given by the trial court is the type that can be raised in a pretrial suppression motion. Several examples of the grounds suitable for a pretrial suppression motion:
1. Standing — A person may challenge the legality of a warrantless search where the defendant enjoys a reasonable expectation of privacy. U.S. v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980)
2. Searches Pursuant to an Invalid Warrant — Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); State v. Kelly, 287 So.2d 13 (Fla.1973).
3. Search Incident to Lawful Arrest —A warrantless search must be within the immediate control of a person ydio has been lawfully arrested. State v. Skofstad, 498 So.2d 582 (Fla. 4th DCA 1986), review denied, 506 So.2d 1043 (Fla.1987).
4. Plain View Seizure—Morganti v. State, 509 So.2d 929 (Fla.1987).
5. Hot Pursuit—Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).
6. Emergency Situation Threatening the Destruction of Evidence—Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).
7. Stop and Frisk—Hetland v. State, 387 So.2d 963 (Fla.1980).
8. Consent Search—Talavera v. State, 186 So.2d 811 (Fla. 2nd DCA 1966).
9. Fruit of the Poisonous Tree—Fortianos v. State, 329 So.2d 397 (Fla. 1st DCA 1976), cert. denied, 341 So.2d 1081 (Fla.1976).
Actual or constructive possession of contraband does not qualify under the foregoing grounds. The reason is that possession is an element of the crime set forth in sections 893.03(2)(a)(4), 893.13(1)(f) and 893.147(1), Florida Statutes (1987). Possession does not concern suppression of evidence. See Brown v. State, 483 So.2d 743 (Fla. 5th DCA 1986). Since possession is an element of the crime, a trial should have occurred at which the accused could have filed a motion for judgment of acquittal, if there was no evidence of possession, at the close of the state’s case. Richardson v. State, 488 So.2d 661 (Fla. 4th DCA 1986).
Accordingly, we reverse and remand for a trial.
REVERSED AND REMANDED.
DOWNEY, ANSTEAD and LETTS, JJ., concur.