CIKLIN, J.
The state appeals the trial court’s order granting Christina Christmas’s motion to suppress, arguing the trial court granted the motion based on the reliability of a dog sniff when that issue was not raised by Christmas in her motion to suppress pursuant to Florida Rule of Criminal Procedure 3.190. Because the defense sought to suppress certain evidence obtained through the use of a narcotics dog based upon an asserted lack of reliability and training of the animal performing the sniff and because the state was never given the requisite advance notice that these were to be included as matters at issue, we reverse and remand.
Facts
The state charged Christmas with one count of possession of methadone, one count of possession of twenty grams or less of cannabis, and one count of possession of drug paraphernalia. The charges arose from a police search of Christmas’s vehicle after a narcotics dog alerted during a traffic stop of Christmas’s vehicle.
Christmas filed a written pre-trial “Motion to Suppress Arrest, Physical Evidence and Statements Made by the Defendant.” The motion stated, in pertinent part:
COMES NOW, THE DEFENDANT, by and through her undersigned counsel, and moves this Honorable Court for an Order suppressing the arrest in this case, identification of the driver, any statements made by the defendant, and the physical evidence seized, as there was no ground [to] stop the defendant, the subsequent detention and search were the products of an illegal search and seizure effected without warrant or exigent circumstances and in support thereof the Defendant would state as follows:
[[Image here]]
13. The officer took far more time than was necessary to simply write two traffic citations, and called for the K-9 unit while maintaining possession of the defendant’s driving documents such that she could not feel free to leave, especially in view of the fact that she was ordered out of the car and direct it [sic] to position herself at the officer’s patrol unit.
14. The search performed while the defendant was effectively detained was a warrantless search, performed illegally, whether effected by a person or by a K-9 officer.
15. While it could be argued that the initial stop was justified (which is not conceded) as it would be extremely unlikely that at that time of the night the officer could determine that the tint was improper, defendant also maintains that three out of the four taillights were operable and that the stop was therefore a purely pretextual stop.
16. The fact that stopping officer orders the defendant out of the car and then being denied consent search the car [sic] immediately calls for the K-9 unit which belies the legitimacy of the traffic stop.
[[Image here]]
18. Counsel respectfully submits that the stop was pretextual, the defendant was seized without reasonable suspicion, the defendant was unlawfully questioned and the warrantless search of the defendant’s car and person were done improperly and unlawfully.
19. Other grounds to be argued Ore Tenus[.]
(All emphasis in original).
The case proceeded to a hearing on Christmas’s motion to suppress. Fort Lauderdale Police Officer Jason Fithian testified that he was performing road patrol when he observed Christmas’s car. *1095 Fithian suspected her window tinting was too dark to comply with Florida law, and observed that her car had a non-functioning taillight.
Fithian performed a traffic stop on Christmas’s car and, after determining the tint on her window was not in compliance with the applicable statute, issued Christmas a citation. During the stop, Fithian requested a police narcotics dog and handler. Fithian also ran a check on Christmas’s driver’s license and found that her license was expired. While Fithian was writing Christmas a second citation for driving with an expired license, the police dog and handler arrived.
Fithian directed the handler to perform a “free air sniff’ outside Christmas’s vehicle and the dog alerted. Fithian proceeded to perform a search of Christmas’s vehicle and found marijuana. Christmas then removed a pill from her bra area and gave it to the police.
On cross-examination, Christmas’s attorney primarily questioned Fithian regarding the timing of the traffic stop, Fithian’s request for the narcotics dog, and the citations Fithian chose to issue. Christmas’s attorney asked no questions regarding the training or reliability of the narcotics dog.
The dog’s handler also testified at the hearing. The handler testified that he arrived at Christmas’s traffic stop about ten to twelve minutes after being informed to go there. The state did not ask the handler any questions about the qualifications of the dog that performed the sniff. Christmas’s attorney performed no cross-examination of the handler.
No other witnesses testified at the hearing. After the officers testified, the state argued the trial court should deny the motion to suppress because Officer Fithian had a valid reason to stop Christmas’s car and Fithian did not unreasonably prolong the stop in order to conduct the dog sniff.
In his closing argument on the suppression motion, Christmas’s attorney responded by arguing that assuming the stop was lawful and the police did not unreasonably detain Christmas, the court should nevertheless grant the motion to suppress because the state introduced no evidence of the reliability or training of the dog that performed the sniff. Christmas relied on the Florida Supreme Court’s decision in Harris v. State, 71 So.3d 756 (Fla.2011). The state argued it was not required to prove the reliability of the dog in the suppression hearing because Christmas’s motion to suppress never raised any issues specifically pertaining to the reliability of the dog.
The trial court, relying on paragraphs fourteen and eighteen of the written motion, concluded the written motion sufficiently raised the issue of the reliability of the dog. The state conceded that it had offered no evidence of the reliability of the dog, and the state understandably requested an additional hearing so that the state “can actually bring in the officers again with the proper documents ... and put on a three-hour hearing about the dog.”
The court did not explicitly respond to the state’s request for an additional hearing, and said “based upon the Harris opinion,[1] Florida Supreme Court, no evidence being presented verifying the reliability of the canine to warrant a search of the defendant’s car, the motion to suppress will be granted.” The court then entered a written order granting the motion to suppress.
*1096 Analysis
“ ‘[T]he standard of review applicable to a motion to suppress evidence requires that this Court defer to the trial court’s factual findings but review legal conclusions de novo.’ ” State v. Abbey, 28 So.3d 208, 210 (Fla. 4th DCA 2010) (quoting State v. Rabb, 920 So.2d 1175, 1180 (Fla. 4th DCA 2006)).
A defendant seeking to suppress evidence must clearly state the reasons why suppression is proper. Florida Rule of Criminal Procedure 3.190(g)(2) provides that “[ejvery motion to suppress evidence shall state clearly the particular evidence sought to be suppressed, the reasons for suppression, and a general statement of the facts on which the motion is based.”
In this case, the defendant’s written motion to suppress failed to provide the state notice that Christmas sought to make the reliability of the dog an issue to be argued before the trial court. Christmas’s motion raised issues relating to the legality of the initial traffic stop, the detention of Christmas before the dog sniff occurred, and issues relating to police questioning of Christmas. While the motion mentioned the dog, it made no allegations relating to the dog’s training or reliability. The portions of the motion relied on by the trial court, paragraphs fourteen and eighteen, merely stated the search was performed “illegally” and “improperly and unlawfully.”
Much too frequently, we observe that in motions to suppress brought pursuant to 3.190, practitioners imprudently utilize the catch-all phrase: “Other grounds to be argued ore tenus.” The use of these words in the context of a 3.190 motion to suppress is meaningless because it is the antithesis of the specificity required by the rule and serves no useful purpose. Without more, the movant is prohibited from relying upon the phrase as one of the “clear” reasons for seeking suppression. Certainly the trial court and the state are not required to engage in a game of “20 questions” to decipher its intended meaning. The phrase has no legitimate place in 3.190 jurisprudence and is a legal misnomer.
We think State v. Laveroni, 910 So.2d 333 (Fla. 4th DCA 2005), provides useful guidance for the instant case. In Laveroni, the defendant moved to suppress the results of a search of a car after a narcotics dog alerted outside the car. Id. at 334. “The only argument advanced by defendant at the hearing on the motion to suppress was that there had been an unreasonable delay between the stop and the arrival of the narcotics dog,” but the evidence presented at the suppression hearing did not support that contention. Id. The court then, on its own, raised the issue of whether there was sufficient proof the narcotics dog was sufficiently qualified to support the legality of the search. Id. No evidence had been presented of the qualifications of the dog, and “the state asked the court to permit it to call witnesses to testify as to the qualifications of the dog.” Id. at 335. The court refused the state’s request and granted the motion to suppress. Id.
On appeal, we reversed the suppression because “[n]either the motion to suppress, nor the argument presented by defendant at the evidentiary hearing, raised the qualifications of the narcotics dog.” Id. This court concluded “the court should have granted the state’s request to call witnesses to qualify the dog” because “the state was not on notice that this was an issue until the court raised it.” Id. (citations omitted).
Christmas’s untimely disclosure that she was challenging the reliability of the dog deprived the state of notice in the *1097 same way that the trial court’s action deprived the state of notice in Laveroni The state requested an opportunity to factually rebut the allegation that the dog was not reliable, and “the court should have granted the state’s request to call witnesses to qualify the dog.” Id. (citations omitted); see also State v. Williams, 538 So.2d 1346, 1347-48 (Fla. 4th DCA 1989). Accordingly, we reverse and remand the order suppressing evidence.
On remand, Christmas may properly move to suppress the evidence.

Reversed and remanded.

STEVENSON and LEVINE, JJ., concur.

. After the trial court suppressed the evidence in this case, the standard for the reliability of dog sniffs set forth in Harris v. State was overruled by the United States Supreme Court. Florida v. Harris, - U.S. -, -, 133 S.Ct. 1050, 1059, 185 L.Ed.2d 61 (2013).