# Third District Court of Appeal

## State of Florida

Opinion filed September 14, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1383
Lower Tribunal No. 04-10199
_____

**Jocelyn Alce,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Carlos J. Martinez, Public Defender, and Stephen J. Weinbaum, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Marlon J. Weiss and Brent J. Kelleher, Assistant Attorneys General, for appellee.

Before WELLS, SHEPHERD and SCALES, JJ.

SHEPHERD, J.

This is an appeal by Jocelyn Alce from convictions and sentences for first-degree murder with a firearm, two counts of burglary with assault or battery while armed, and one count of kidnapping.  We affirm on one point of error and reverse on the second.

Alce first seeks to overturn his convictions on the ground that the trial court erred in denying his pretrial motion to suppress on the ground that he was not competent to knowingly and intelligently waive his Miranda[1] rights prior to confessing to his crimes.  The determination of whether a Miranda rights waiver was valid necessitates two separate inquiries:

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of the circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived.

Ramirez v. State, 739 So. 2d 568, 575 (Fla. 1999).

"'[T]he standard of review applicable to a motion to suppress evidence requires that [an appellate court] defer to the trial court's factual findings but review legal conclusions de novo.'" State v. Christmas, 133 So. 3d 1093, 1096 (Fla. 4th DCA 2014).  Based upon a thorough review of the record in this case,

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

including the fact that Alce was found incompetent to proceed for a period of time in 1998 on a later case,[2] we conclude, applying a deferential standard to the historical facts found by the trial judge, that Alce was not coerced to give either his oral or written statement and that he had the requisite level of comprehension to waive his <u>Miranda</u> rights. Accordingly, we affirm on Alce's first point of error.

As to the second point of error, we conclude that Alce's two burglary convictions were based on a single entry into the home and therefore violate double jeopardy. <u>See</u> <u>Gorham v. State</u>, 968 So. 2d 717, 718 (Fla. 4th DCA 2007) ("[D]ual convictions for burglary violate the constitutional prohibition against double jeopardy if they are based on a single entry. Where there is but one entry, dual convictions for burglary cannot stand. It is the number of entries that triggers the burglary charges, not the number of victims."). On this point, we reverse and remand with instructions to vacate one of the burglary convictions. The defendant does not need to be present for this purpose.

Affirmed in part, reversed in part and remanded.

---

[2] This later case, Case No. F98-4355, was closed out with a plea in July 1999, and the Defendant imprisoned, which is where he was located at the time of the confession in this case.

3