DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**GERSON CONTRERAS SARAVIA,**
Appellee.

No. 4D2024-0371

[February 26, 2025]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Kenneth A. Gottlieb, Judge; L.T. Case No. 23-007751-MU10A.

James Uthmeier, Attorney General, Tallahassee, and Anesha Worthy, Senior Assistant Attorney General, West Palm Beach, for appellant.

Michael G. Salazar, Jr. of The Salazar Law Firm, P.A., Fort Lauderdale, for appellee.

DAMOORGIAN, J.

The State of Florida appeals the county court's order granting Gerson Contreras Saravia's ("Defendant") motion to suppress all evidence relating to his DUI arrest. The county court granted the motion to suppress after finding that law enforcement lacked probable cause to arrest Defendant. For the reasons outlined below, we reverse.

By way of background, Defendant was arrested and charged with four misdemeanor DUI-related offenses arising out of a crash involving a motor vehicle registered to Defendant. Defendant moved to suppress all evidence relating to his arrest, arguing that law enforcement lacked probable cause to arrest him because: (1) none of the officers at the scene had observed Defendant driving the vehicle; (2) law enforcement had not *named* any witnesses to the crash; (3) the unnamed witnesses' statement to law enforcement constituted inadmissible hearsay; and (4) no other evidence established Defendant as the driver of the vehicle at the time of the crash.

At the hearing on the motion to suppress, the State presented the testimony of the three officers who had responded to the scene, along with the officers' bodycam videos. The State's evidence established that during the early morning hours on the date of Defendant's arrest, a vehicle registered to Defendant had crashed into a pet grooming business located in a shopping plaza. Earlier that evening, Defendant had driven the vehicle to a bar located in the same shopping plaza. The manager of the bar called 911 to report the accident. Ultimately, the three officers arrived on the scene. By the time the officers arrived, Defendant's vehicle had been moved from its location where the accident occurred. Defendant was standing near the vehicle with two other individuals. The officers did not witness the accident or observe Defendant behind the wheel of the vehicle.

The officers in combination testified that when they arrived at the scene, the bar manager identified himself as the person who had reported the accident and identified Defendant as the owner of the vehicle involved in the accident. The bar manager also told the officers that he had not witnessed the accident and that his security guard was the person who had reported the accident to him. The officers did not have the bar manager's name, although one of the officers was acquainted with the manager and represented that he could, if given the opportunity, provide the manager's name and telephone number. The bar manager's interaction with the officers was recorded on the bodycam videos.

After speaking with the bar manager, the officers commenced an accident investigation to determine the cause of the crash. Defendant told the deputies that he did not know how the crash happened and could not remember whether he was driving the vehicle at the time of the crash. Defendant had the keys to the vehicle in his pocket, and the vehicle was registered in his name. The officers also spoke to the security guard who reported that he had heard the crash and saw Defendant initially attempt, unsuccessfully, to drive the vehicle away. Thereafter, the security guard saw Defendant exit the driver's side of the vehicle, while two companions got out of the front passenger side and backseat of the vehicle, respectively. The security guard declined to provide his name. Based on the foregoing, the officers determined that Defendant was the driver of the vehicle at the time of the crash. One of the officers administered field sobriety test exercises upon Defendant and, after detecting numerous signs of impairment, arrested Defendant for DUI.

At the conclusion of the hearing, the county court granted Defendant's motion to suppress, concluding that the officers relied exclusively on the hearsay statements of unnamed witnesses to establish that Defendant was driving the vehicle at the time of the crash. The court also concluded that

2

the accident report privilege precluded the officer, who had arrested Defendant for DUI, from relying on information gathered during the accident investigation to establish probable cause to arrest him for DUI. This appeal follows.

The State argues the county court erred in granting Defendant's motion to suppress because: (1) the bar manager's and security guard's out-of-court statements were sufficiently reliable and admissible to assess whether the officer investigating the DUI had probable cause to arrest Defendant; (2) the arresting officer did not rely solely on the witnesses' statements to conclude probable cause existed to arrest Defendant for DUI; (3) the accident report privilege did not apply because the information indicating that Defendant was driving was received in both the accident and DUI investigations and, in any event, Defendant did not raise this argument as a ground in support his motion to suppress; and (4) the security guard, who had identified Defendant as the driver, should have been considered a citizen informant and his statement deemed sufficiently reliable for probable cause determination.

Defendant counters law enforcement had not identified any witnesses to the accident, any surveillance video, or any admission by Defendant that he was the driver. He argues the State's evidence from unidentified witnesses allegedly claiming Defendant as the driver was properly excluded as hearsay.

We agree with the State's arguments.

### Probable Cause

"Probable cause to arrest exists when facts and circumstances within an officer's knowledge and of which he had reasonably trustworthy information are sufficient to warrant a person of reasonable caution to believe that an offense has [been] or is being committed." *McCarter v. State*, 463 So. 2d 546, 548–49 (Fla. 5th DCA 1985); *see also Mathis v. Coats*, 24 So. 3d 1284, 1288 (Fla. 2d DCA 2010) ("The existence of probable cause requires an examination of the totality of the circumstances.") (citation omitted).

The record reflects the officers did not rely on hearsay evidence in concluding probable cause existed to arrest Defendant for DUI. For instance, the security guard personally heard Defendant's vehicle crash into a nearby business, observed Defendant attempting to drive away from the scene, and, when unable to do so, watched Defendant exit the vehicle from the driver's seat. Additionally, the bar manager identified Defendant

3

as the owner of the subject vehicle. The security guard's and the bar manager's out of court statements were not introduced at the suppression hearing for the truth of the matter asserted, but to show what information the officers had at the scene when making their probable cause determination. *See State v. Littles*, 68 So. 3d 976, 978 (Fla. 5th DCA 2011) (holding the officer's statements were not hearsay because they were not being offered for the truth of the matter asserted, "[i]nstead, the statements were offered to show what information the arresting officer had when making his probable cause determination" (citing *Mathis*, 24 So. 3d at 1288 ("The facts [bearing on a probable cause determination] are to be analyzed from the officer's knowledge . . . ") (citation omitted))). The security guard's and bar manager's statements were also not objectively hearsay, as they merely recounted what they had personally observed. *See Linic v. State*, 80 So. 3d 382, 391 (Fla. 4th DCA 2012) (holding that a witness's testimony "was not hearsay because it was based on her personal observations and not on what anyone told her").

The foregoing information gathered during the accident investigation was compounded with the fact that Defendant admitted he had driven the vehicle earlier that evening to the shopping plaza where the bar was located; he admitted he had been drinking at the bar in the shopping plaza; he was found with the vehicle's keys in his pocket during the initial encounter with police; police confirmed that the vehicle was registered in Defendant's name; and Defendant had signs of impairment.[1] Under the totality of the circumstances, this established the existence of probable cause to arrest Defendant for DUI.

### *Accident Report Privilege*

Turning to the accident report privilege, section 316.066(4), Florida Statutes (2023), provides:

> Except as specified in this subsection, each crash report made by a person involved in a crash and any statement made by

---

[1] We note that in *Wagner v. State*, 361 So. 388, 390–91 (Fla. 4th DCA 2023), we held that suppression was warranted and a defendant's arrest for DUI was unlawful where no officer witnessed the DUI offense, the public service aide, who witnessed the elements of the DUI, was not a deputized police officer, and no officer investigated the scene of the crash. Here, the facts are largely distinguishable from that in *Wagner*, as sufficient information was gathered during the accident investigation—the car keys were found in Defendant's pocket and Defendant admitted to driving to the plaza and drinking at the bar—to establish probable cause for his DUI arrest.

such person to a law enforcement officer for the purpose of completing a crash report required by this section shall be without prejudice to the individual so reporting. Such report or statement may not be used as evidence in any trial, civil or criminal. However, subject to the applicable rules of evidence, a law enforcement officer at a criminal trial may testify as to any statement made to the officer by the person involved in the crash if that person's privilege against self-incrimination is not violated.

§ 316.066(4), Fla. Stat. (2023).

First, the accident report privilege is not a basis for granting Defendant's motion to suppress, as that privilege was not raised in Defendant's motion or specifically argued by Defendant at the suppression hearing, and the State objected when the trial court raised the privilege at the hearing. In response to the State's objection, the court acknowledged that the accident report privilege "was not the root of [the] motion." *See State v. Christmas*, 133 So. 3d 1093, 1096 (Fla. 4th DCA 2014) (holding that the trial court's suppression exceeded the scope of defendant's request and did so without adequate notice to the State); *State v. Laveroni*, 910 So. 2d 333, 335 (Fla. 4th DCA 2005).

Also, the accident report privilege is not applicable substantively, as neither the bar manager nor the security guard were involved in the accident, and therefore their statements to the officers are not protected. *See Sottilaro v. Figueroa*, 86 So. 3d 505, 508 (Fla. 2d DCA 2012) (noting that "the statutes requiring an accident report and the case law interpreting those statutes demonstrate that the privilege only applies to a driver, owner, or occupant of a vehicle because those are the only people compelled to make a report under the statutes." (citations omitted)).

Further, to the extent the court found the security guard's statement—that he had seen Defendant exit the driver's side of the vehicle—could not be relied on as part of the DUI investigation because it was said to the officer conducting the accident investigation, the officers' body cam footage reflects that the security officer's statement was said in both officers' presence. Therefore, under the fellow officer rule, the officer conducting the DUI investigation could rely on the security officer's statement in making his probable cause determination for DUI. *See, e.g., State v. Bowers*, 87 So. 3d 704, 710–11 (Fla. 2012).

5

***<u>Witnesses' Identities</u>***

Regarding the unnamed witnesses' identities, the record reflects the security guard and bar manager were easily identifiable as the officers were familiar with both witnesses and had prior dealings with them. Moreover, as to the bar manager, the officers said they could easily obtain his information, and the bar manager's face was clearly visible on the bodycam videos. Further, the two witnesses provided the information face-to-face with the officers. Based on these circumstances, the information provided was not from an anonymous tip. Rather, the witnesses qualified as citizen informants and the information was sufficiently reliable. *See Milbin v. State*, 792 So. 2d 1272, 1274 (Fla. 4th DCA 2001) (holding that witness providing information through face-to-face communication is not an anonymous tipster and is deemed sufficiently reliable to be classified as a citizen informant).

The totality of the circumstances gave the officers probable cause to arrest Defendant for DUI. *See State v. Kliphouse*, 771 So. 2d 16, 22 (Fla. 4th DCA 2000) (holding that "[p]robable cause for a DUI arrest must be based upon more than a belief that a driver has consumed alcohol; it must arise from facts and circumstances that show a probability that a driver is impaired by alcohol or has an unlawful amount of alcohol in his system"). Accordingly, we reverse the county court's order granting Defendant's motion to suppress and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

MAY and GERBER, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***